TYPE & PRESS OF ILLINOIS, INC., APPELLANT, *v.*
McDOWELL ET AL., APPELLEES.

(No. 82AP-142—Decided
September 23, 1982.)

*Hillman & Smith Co., L.P.A., Mr. G. Rand Smith* and *Mr. Christopher J. Minnillo,* for appellant.

*Messrs. Evans & St. Clair* and *Mr. Robert B. St. Clair,* for appellee William S. McDowell.

*Mr. Daniel R. Conway* and *Mr. Theodore S. Bloom,* for appellee Huntington Natl. Bank.

NORRIS, J. Plaintiff appeals from an order of the Franklin County Municipal Court, dismissing with prejudice its amended complaint against defendants as the result of plaintiff's failure to comply with an order to provide discovery.

Plaintiff's original complaint sought recovery from defendant McDowell for the balance of $2,160 that it claimed was due for printing machinery sold by plaintiff to McDowell. In his answer and counterclaim, McDowell admitted that he had paid $240 of the agreed price and stopped payment on a certified check for $2,160 which he had given plaintiff for the balance, but denied that he owed plaintiff any money since the machinery was damaged due to plaintiff's negligence. By counterclaim, McDowell sought return of the money he had paid plaintiff.

On May 22, 1980, at a pretrial conference, plaintiff sought leave to file an amended complaint joining as a defendant the Huntington National Bank on the theory that the bank had improperly honored McDowell's stop payment order and refused payment of the certified check which McDowell had endorsed over to plaintiff. As the result of that conference, the trial court, on June 1, 1981, entered an order granting plaintiff leave to file its amended complaint, noting that it had considered McDowell's oral motion

for a discovery order due to representatives of plaintiff having made themselves unavailable for depositions, and ordering that "representatives of Plaintiff's company make themselves available for the taking of oral depositions in Columbus, Ohio, no later than the 30th day of June, 1981, or Plaintiff's Complaint, or Amendments thereof, will be dismissed with prejudice."

On June 19, McDowell filed notices to take oral depositions on June 29, and, on July 17, filed a motion to dismiss plaintiff's action on the basis that the discovery order had not been complied with. Attached to the motion was a copy of a letter from McDowell's counsel to plaintiff's counsel, proposing five dates in June for the taking of depositions (June 29 being the last date suggested). That same date, July 17, Huntington filed an answer denying that it was liable to plaintiff, in that plaintiff was not a holder in due course and there was a failure of consideration supporting the agreement between plaintiff and McDowell. Huntington also sought by cross-claim to be indemnified by McDowell for any recovery which plaintiff might obtain from it.

On October 3, plaintiff filed a motion seeking a protective order from McDowell's "unduly burdensome discovery request." The trial court dismissed plaintiff's action against both defendants, with prejudice, on January 20, 1982.

Plaintiff raises two assignments of error:

"I. It was an abuse of discretion and prejudicial error for the trial court to dismiss with prejudice the action against appellee, William S. McDowell, dba Mac's Rubber Stamps, based upon the failure of appellant to comply with a discovery order.

"II. It was an abuse of discretion and prejudicial error for the trial court to dismiss the action against appellee, Huntington National Bank, based upon the failure of appellant to comply with a discov-

ery order obtained by appellee, William S. McDowell, dba Mac's Rubber Stamps.''

As the assignments of error are interrelated, they will be considered together.

Had the trial court dismissed plaintiff's action against McDowell only, we might be unable to say that it had abused its discretion in imposing such a sanction for disobedience of an order to provide discovery. See *Rauchenstein* v. *Kroger Co.* (1981), 3 Ohio App. 3d 178.

However, the trial court also dismissed plaintiff's claim against Huntington, which had not sought discovery, and, in fact, was made a party-defendant to the action by the same order which included the discovery order. The motion to dismiss was filed the same day that Huntington filed its answer and cross-claim. Furthermore, it is not clear from the pleadings that plaintiff's claims against McDowell and Huntington were joint and inseparable; plaintiff therefore might not be precluded from filing independent actions against the two defendants.

We can appreciate the dilemma which faced the trial court in that a dismissal of only plaintiff's claim against McDowell would have had the effect of punishing McDowell, since he would still remain in the action to defend against Huntington's cross-claim. However, the solution for that dilemma was not to dismiss plaintiff's claim against Huntington.

Accordingly, under the totality of the circumstances, we conclude that the trial court did abuse its discretion in dismissing plaintiff's claim against both defendants, with prejudice, and must reverse its order and remand the cause with instructions to consider other appropriate sanctions for plaintiff's disobedience of the discovery order. Because we reverse and remand, both McDowell and Huntington will remain before the trial court as defendants to plaintiff's amended complaint. By way of example only, the trial court might consider as appropriate such sanctions as prohibiting plaintiff from utilizing at trial the testimony of the company representatives named in the notices who failed to provide discovery, or ordering plaintiff to pay the fees and expenses of McDowell's attorneys incurred in defending the action prior to the January 20, 1982 order, or both. The trial court may, of course, in its sound discretion, deem other sanctions more appropriate.

The assignments of error are sustained, the order of the trial court is reversed, and this cause is remanded to the trial court for further proceedings according to law and consistent with this opinion.

*Judgment reversed and cause remanded with instructions.*

WHITESIDE, P.J., and REILLY, J., concur.