## STOCKHAUS v K. & G. TRUCKING COMPANY

Ohio Appeals, 8th Dist, Cuyahoga Co

No 17188. Decided Feb 17, 1939

Robert E. Pierce, Cleveland, for plaintiff-appellee.

Price & Price, Cleveland, for defendant-appellant.

## OPINION

By TERRELL, PJ.

In the trial court an action was instituted for personal injuries against the defendant, to which answer was filed. Thereafter, an amended petition was filed and the defendant did not answer but was in default. The case was set for hearing for the purpose of assessing damages of the plaintiff. Defendant's counsel appeared at the said hearing. The trial court denied him any right to participate as counsel for the defendant either by the cross-examination of the plaintiff's witnesses or the introduction of any evidence on behalf of the defendant in an effort to minimize the damages claimed by the plaintiff.

In this respect we conclude that the

trial court was in error.

The defendant gave notice of appeal to the judgment that was entered.

The court made an entry upon the docket wherein it was stated as follows:

"June 2, 1938. To Court:

Defendant being in default of pleading, and failing to appear the plaintiff waived a jury and submitted this cause to the court."

The court thereupon, after hearing the evidence entered judgment for the plaintiff in the sum of $2500.00. Thereafter, while the appeal was pending, and on December 3, 1938, the defendant filed a motion to correct the entry of June 2, 1938, so as to speak the truth. Thereafter on December 7, 1938, the following entry was made:

"The Court: Motion by defendant to order the clerk to correct journal entry dated June 2, 1938, ordered filed and stricken from the record as and for Dec. 3, 1938."

On December 21, 1938, the defendant gave notice of appeal from the decision and entry of the court of December 7, 1938, striking the motion from the files, and this is the matter now before us for review.

It is our conclusion that the trial court was in error in striking this motion from the files. The court should have heard this motion and entered its ruling thereon.

It appears from the Bill of Exceptions that the journal of the court does not speak the truth because the court himself states that the defendant's counsel was present in court and made objections and endeavored to participate in the hearing for the assessment of damages on behalf of the defendant.

The journal, however, states that:

"The defendant was not present and that a jury was waived."

which means that neither the defend-
ant was present in person or by counsel.

We hold it to be the law that even though a defendant is in default in pleadings that the defendant has a right to appear in person or by counsel at a trial of the cause for the assessment of damages and to object to the introduction of evidence that is improper, and to participate in the trial, in an effort to minimize the damages and that to be denied this right is error on the part of the trial judge.

LEVINE, J, concurs.

LIEGHLEY, J, dissents for the reason that the same motion is clearly an attempt to obtain a nunc pro tunc entry to take the place of a bill of exceptions which the defendant did not file.