**CRAFT, Appellee,**

v.

**CRAFT, Appellant.**

[Cite as *Craft v. Craft* (1989), 63 Ohio App.3d 499.]

Court of Appeals of Ohio,
Summit County.

No. 13997.
Decided Aug. 2, 1989.

*A. Edward Bonetti, Jr.,* for appellee.

*Paul F. Adamson,* for appellant.

CACIOPPO, Presiding Judge.

Appellee, Catherine Craft, filed a complaint requesting compensatory and punitive damages for injuries allegedly suffered as a result of the negligent/intentional conduct of appellant, William Craft.

Appellant filed no answer, but on June 16, 1988, he appeared without counsel at a hearing upon appellee's motion for default judgment. The court continued the hearing and, subsequently, the appellant filed through counsel a

motion for leave to file an answer instanter. The trial court denied appellant's request and a default judgment against the appellant was entered.

A hearing was held for purposes of determining damages as prayed in appellee's complaint. Appellant was present with counsel, but was prohibited from participating in that hearing. The trial court awarded appellee $1,248.33 for compensatory damages, $50,000 for pain and suffering and $35,000 for punitive damages.

Appellant appeals from this decision.

### Assignments of Error

"I. The trial court erred in refusing defendant-appellant the right to object to introduction of evidence, cross-examine witnesses, introduce evidence and otherwise participate at the damages hearing held following granting of default judgment to plaintiff-appellee, defendant-appellant having appeared in the subject action within the meaning of O.R.C.P. 55(A).

"II. The trial court's award of punitive damages to plaintiff-appellee at default judgment hearing without permitting defendant-appellant to participate in said hearing by way of objection to introduction of evidence, cross-examination and introduction of evidence, constitutes an abuse of the trial court's discretion, and entitles defendant-appellant to reversal and remand."

Appellant contends that he had a right to participate at the damage hearing.

Even though a defendant is in default in pleadings, the defendant has a right to appear in person or by counsel at a hearing of the cause for the assessment of damages, to object to the introduction of evidence that is improper and to participate in the hearing to minimize the damages and the denial of this right is error. *Stockhaus v. K & G Trucking Co.* (App.1939), 29 Ohio Law Abs. 34, 35.

The court erred in not allowing the appellant to participate at the damages hearing.

The decision of the trial court is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BAIRD and REECE. JJ., concur.