OPINION
Appellant Farmers Insurance of Columbus, Inc. ("Farmers") is appealing the decision of the Stark County Court of Common Pleas, that assessed damages against Farmers and State Farm Mutual Automobile Insurance Company ("State Farm") in the amount of $1,500,000. The following facts give rise to this appeal.
On August 6, 1997, Appellees Annette Leisure, individually and as administratrix of the Estate of Jason Leisure, deceased, Dennis Leisure and Jacob Leisure filed suit against Appellant Farmers and State Farm. Appellees seek underinsured motorist coverage as the result of an automobile accident, on August 17, 1995, in which the appellees' decedent was ejected from an automobile owned by George Fender, operated by Jonathan Sanchez and insured by Farmers. Jason Leisure died from the injuries sustained in the accident.
The complaint is captioned "Declaratory Judgment Underinsured Motorist Claim". In the complaint, appellees allege the accident was the result of the joint and concurrent negligence of Jonathan Sanchez and the driver of another automobile, George Motz, III. Appellees settled their wrongful death/tort claims against Sanchez and Motz prior to this action. Appellees further allege they have exhausted Motz's $50,000 limit of liability for bodily injury liability coverage and substantially exhausted Sanchez's $100,000 limit for bodily injury liability coverage.[1]
Appellees claim they and the decedent are insureds under State Farm policy number 699 4063-F16-35D and Appellant Farmers policy number 25-1388-40-22. Each policy at issue has underinsured motorist coverage limits of $100,000 each person and $300,000 each accident/occurrence. Appellees further allege, in the complaint, that State Farm and Appellant Farmers are obligated to pay them "up to the limits of their `each accident/occurrence' underinsured motorist coverages of $300,000." Under Senate Bill 20 and House Bill 350, appellees are not entitled to coverage under State Farm or Appellant Farmers' policies and therefore, in the complaint, appellees request that those portions of Senate Bill 20 and House Bill 350, that apply to appellees' complaint, be found unconstitutional. Finally, the prayer in appellees' complaint is for declaratory relief and a judgment against State Farm and Appellant Farmers for compensatory damages of more than $25,000.
Appellant Farmers did not timely file an answer to appellees' complaint. More than two weeks after the answer date, which would have been September 8, 1997, the trial court, by judgment entry filed September 24, 1997, ordered appellees' counsel to file a motion for default judgment or face dismissal for want of prosecution. Appellees filed their motion for default judgment on September 26, 1997. The trial court granted appellees' motion for default judgment on October 1, 1997, and scheduled a damages hearing for October 20, 1997.
Appellant Farmers filed a motion for leave to file its answer instanter, pursuant to Civ.R. 6(B)(2), on October 7, 1997. Appellees filed a memorandum in opposition on October 23, 1997. The trial court rescheduled the damages hearing for October 24, 1997, at which time it would also address Appellant Farmers' motion. Following this hearing, on October 30, 1997, appellees filed their notice of service on the Ohio Attorney General pursuant to R.C. 2721.12. On October 31, 1997, the trial court issued its judgment entry overruling Appellant Farmers' Civ.R. 6(B)(2) motion, which the trial court addressed as a motion for relief from judgment pursuant to Civ.R. 60(B), and awarded damages in the amount of $1,500,000 against Appellant Farmers and State Farm.
On November 10, 1997, Appellant Farmers filed a second motion for relief from judgment. The trial court overruled Appellant Farmers' motion on November 21, 1997, finding Farmers was merely re-arguing facts previously submitted to the trial court in its first motion for relief from judgment. On November 25, 1997, appellees filed a motion to strike. The trial court granted appellees' motion as it related to information received after its October 31, 1997, decision. Appellees filed notice with the trial court, on December 1, 1997, that the Attorney General would not participate in the case. Appellant Farmers filed two separate notices of appeal: the first on November 25, 1997; the second on December 31, 1997.
Appellant Farmers sets forth the following assignments of error for our consideration:
 I. THE COURT ERRED IN OVERRULING THE DEFENDANT-APPELLANT'S MOTION FOR LEAVE TO FILE ITS ANSWER INSTANTER.
 II. THE COURT ERRONEOUSLY AWARDED THE PLAINTIFF-APPELLEES WRONGFUL DEATH/TORT DAMAGES NOT SOUGHT IN THE COMPLAINT AND DID NOT DECLARE, AS REQUESTED IN THE COMPLAINT, THE PARTIES' RIGHT (SIC) AND OBLIGATIONS UNDER THE INSURANCE POLICY OR DETERMINE THE AMOUNT, IF ANY, OWED UNDER THE POLICY.
 III. THE COURT ERRED IN OVERRULING THE DEFENDANT-APPELLANT'S MOTION FOR RELIEF FROM THE COURT'S JUDGMENT.
 IV. THE PLAINTIFF-APPELLEES' MOTION TO STRIKE AND THE JUDGMENT ENTRIES FILED AFTER THE DEFENDANT-APPELLANT'S NOVEMBER 25, 1997 NOTICE OF APPEAL ARE NULLITIES.
 I
In its first assignment of error, Appellant Farmers contends the trial court erred when it overruled its motion for leave to file its answer instanter. We disagree.
In support of this assignment of error, Appellant Farmers first argues the trial court erred when it addressed its Civ.R. 6(B)(2) motion as a motion for relief from judgment pursuant to Civ.R. 60(B)(1). The record of the hearing conducted on October 24, 1997, indicates counsel for appellant specifically requested the trial court to address its Civ.R. 6(B)(2) motion as a motion for relief from judgment. Counsel made the following statements to the trial court:
 MR. TRAVIS: May it please the Court, I am John Travis on behalf of Farmers. I concur that is a correct designation and I orally move to amend explicitly that is (sic) motion for relief under 60(B). Tr. at 3.
* * *
 MR TRAVIS: We respectfully request leave to file an answer to the complaint pursuant to 60(B). I believe that there is excusable neglect. I acknowledge neglect. It is my mistake, and it is up to this Court to determine if the neglect was excusable or not. Tr. at 11.
Based upon the above statements made by counsel for Appellant Farmers, we find appellant cannot now argue, on appeal, the trial court improperly addressed appellant's Civ.R. 6(B)(2) motion as a motion for relief from judgment pursuant to Civ.R. 60(B)(1).
Appellant Farmers also argues, under its first assignment of error, the trial court erred when it determined appellant's failure to timely file an answer was inexcusable neglect. Appellant maintains the evidence is undisputed appellant failed to timely file an answer because appellant's counsel did not notify his docket department of the complaint filed against the appellant because defense counsel was under the mistaken belief that another attorney in his office, handling a related matter, had or would receive a copy of the complaint.
A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77. In order to prevail on a motion brought pursuant to Civ.R. 60(B), "* * * the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken." Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, citing GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
If any prong of this requirement is not satisfied, relief shall be denied. Argo at 391. "If the material submitted by the movant in support of a motion for relief from judgment contains no operative facts or meager and limited facts and conclusion of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 105.
We find the trial court did not abuse its discretion when it denied appellant's motion for relief from judgment pursuant to Civ.R. 60(B)(1). Other jurisdictions have reached the same conclusion when addressing similar fact situations. In AndrewBihl Sons, Inc. v. Trembly (1990), 67 Ohio App.3d 664, the court refused to provide relief from a default judgment although the defendant had suffered a heart attack and did not work during the period in which an answer should have been filed.
In the case of Observatory Group, Inc. v. Chovan (Nov. 25, 1996), Warren App. No. CA 96-05-041, unreported, the court noted that the defendant timely notified his attorney about the case, but that the attorney thereafter failed to ascertain the date of service or the answer date. The attorney also failed to personally review the complaint but instead relied upon his client to read and evaluate the complaint. The court found that "[s]uch conduct falls substantially below what is reasonable under the circumstances and exhibits a disregard for the judicial system and appellant's rights." Id. at 2.
In Skertic v. Niles Cycle Sales, Inc. d.b.a. Honda of Niles
(May 7, 1993), Trumbull App. No. 92-T-4738, unreported, the court held the only evidence was that the complaint got lost in the defendant's paperwork. The court stated to meet its burden of proving excusable neglect, the movant must state operative facts, not merely chant a conclusory statement of "clerical inadvertence". Id. at 2. In Kovalchik v. Fallucco d.b.a.Dominic's Automotive Service (Aug. 24, 1994), Summit App. No. 16670, unreported, the court emphasized the fact that the defense attorney was fully apprised of the litigation and had actual knowledge of its pendency. The court stated:
 Excusable neglect * * * requires more than the mere failure of the attorney to file the necessary documents. [Citations omitted.] Here, defendant's counsel had full knowledge of the complaint; she knew the date by which the answer was to be filed; and she had adequate time to prepare an answer or a request for additional time. We cannot say that the trial court abused its discretion in finding that the neglect of defendant's counsel was not excusable. Id. at 3.
Finally, in Browning v. Health Enterprises of America, Inc.
(June 26, 1987), Crawford App. No. 3-86-1, unreported, the court of appeals adopted a standard that excusable neglect requires a finding of "unique or extraordinary circumstances as opposed to a mere palpable mistake by counsel." Id. at 4. In the case subjudice, appellant's counsel's mistaken belief that another attorney in the office was handling this matter does not establish excusable neglect nor does it rise to the level of a "unique" or "extraordinary circumstance". The trial court did not abuse its discretion when it overruled Appellant Farmers' motion for relief from judgment.
Appellant's first assignment of error is overruled.
 II
Under appellant's second assignment of error, we will first address the issue concerning R.C. 2721.12. Appellant Farmers argues, in its brief, that appellees did not comply with R.C.2721.12 and therefore, the trial court did not have jurisdiction to enter a final judgment in this matter. We agree.
R.C. 2721.12 provides, in pertinent part:
 * * * In any proceeding which involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and shall be heard. In any proceeding which involves the validity of a township resolution, the township shall be made a party and shall be heard.
The requirement that the Attorney General be served with a copy of the proceedings has repeatedly been held to be a mandatory jurisdictional requirement. Asbury Apts. v. Dayton Bd. of Zoning
(1997), 77 Ohio St.3d 1229; Ohioans for Fair Representation, Inc.v. Taft (1993), 67 Ohio St.3d 180, 183; Westlake v. MascotPetroleum (1991), 61 Ohio St.3d 161, 163; Sebastiani v. Youngstown
(1979), 60 Ohio St.2d 166, 167; and Malloy v. Westlake (1977),52 Ohio St.2d 103, 104. The Attorney General must be served at the same time and in the same manner that the complaint is served under Civil Rules 4, 4.1 and 4.3. Hydraulic Press Brick Co. v.City of Independence (1974), 38 Ohio App.2d 37, 39.
Compliance with R.C. 2721.12 puts the Attorney General in receipt of a copy of the complaint so he or she may determine whether the state's interests should be represented. Id. Therefore, in order to make it possible for such a determination, the Attorney General is entitled to receive timely notification, that is, notification at the time the proceedings commence. Id. Otherwise, the trial court does not acquire jurisdiction. Id.
In the case sub judice, appellees requested, in their complaint for declaratory judgment, that the trial court find S.B. 20 and H.B. 350 unconstitutional. Therefore, under R.C. 2721.12, appellees were required to serve the Attorney General with a copy of the complaint when they filed it on August 6, 1997. Appellees failed to do so and it was only after the trial court rendered default judgment and conducted the damages hearing that appellees served the Attorney General with a copy of the complaint. Further, it was not until after appellees filed their first notice of appeal that they received notice from the Attorney General that she did not intend to participate in the litigation.
Based upon the above facts, we find the trial court did not have jurisdiction to enter a judgment in this matter. Therefore, we vacate the default judgment and award of damages entered by the trial court. Although the trial court did not have jurisdiction to enter the default judgment, the facts of the case remain the same. Appellant Farmers did not timely file an answer and the Attorney General has indicated that she does not want to participate in this lawsuit. Because we have determined the trial court did not abuse its discretion when it denied Appellant Farmers' motion for relief from judgment, upon remand, the trial court can, in its discretion, reinstate its default judgment.
We further find the trial court does not have to conduct another evidentiary hearing in this matter because the evidence presented at the hearing conducted on October 24, 1997, remains the same. Appellees set forth evidence regarding the damages they suffered as a result of the death of Jason Leisure. Appellee Farmers set forth no evidence concerning the issue of damages. Tr. at 30-31. We agree with Appellant Farmers' argument that under Beagle v. Walden (1997), 78 Ohio St.3d 59, set off applies and because appellees have already received $148,000 from the two tortfeasors' insurance policies appellees are not "underinsured" under the terms of Appellant Farmers' policy of insurance.
Although Appellant Farmers makes the correct argument, we find, under the facts of this case, it cannot assert the defense of set off, on appeal, or on remand. Appellant Farmers failed to raise the issue of set off, as an affirmative defense, pursuant to Civ.R. 12(B), by filing a timely answer.
Appellant Farmers again had an opportunity to argue set off at the evidentiary hearing. "Even though a defendant is in default in pleadings, the defendant has a right to appear in person or by counsel at a hearing of the cause for the assessment of damages, to object to the introduction of evidence that is improper and to participate in the hearing to minimize the damages * * *." Craft v. Craft (1989), 63 Ohio App.3d 499, 500, citingStockhaus v. K G Trucking Co. (1939), 29 Ohio Law Abs. 34, 35. The record of the evidentiary hearing indicates Appellant Farmers presented no evidence regarding damages. Having waived the issue of set off by not timely filing an answer and not presenting any evidence of set off at the damages hearing, we will not now permit appellant to make this argument on appeal. It is well-settled law in Ohio that an appellate court will not consider as error an issue that is raised for the first time on appeal. Schade v.Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210; Tarry v. Stewart
(1994), 98 Ohio App.3d 533, 540.
Finally, we must determine whether the trial court properly awarded appellees $1,500,000 in damages. In making this determination, we must consider the basis for appellees' lawsuit. The basis of this lawsuit is the contract of insurance issued on behalf of appellees by Appellant Farmers. A policy of insurance is a contract entered into between the insurer and insured. Insurance policies are generally interpreted by applying rules of contract law. Burris v. Grange Mut. Cos. (1989), 46 Ohio St.3d 84,89. Appellees seek to recover damages as underinsured motorists as defined in Appellant Farmers' policy of insurance. Since appellee's cause of action is based upon a contract and appellees seek coverage under a provision of the contract, the trial court is limited to awarding damages as contained in the contract.
Further, as noted above, although the contract contains language regarding set off, Appellant Farmers waived this provision of the contract by not raising this defense by way of an answer or by the presentation of evidence at the damages hearing. As such, appellees are entitled to $100,000 per person or $300,000 per occurrence limits from Appellant Farmers. We remand this matter to the trial court for the court to enter damages in an amount not to exceed Appellant Farmers' policy limits.
Appellant's second assignment of error is affirmed.
 III
Appellant Farmers maintains, in its third assignment of error, the trial court erred when it overruled Farmers' motion for relief from judgment. We overrule this assignment of error for the reasons set forth in appellant's first assignment of error.
Appellant's third assignment of error is overruled.
 IV
In its final assignment of error, Appellant Farmers maintains the trial court lacked jurisdiction to render any judgment after Farmers appealed the trial court's judgment entry of November 21, 1997. We agree.
We sustain appellant's fourth assignment of error for the reasons set forth in appellant's second assignment of error. Appellees failed to comply with the requirements R.C. 2721.12 and therefore, the trial court did not have jurisdiction over this matter.
Appellant's fourth assignment of error is sustained.
For the foregoing reasons, the decision of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
By: Wise, J., Gwin, P. J., and Hoffman, J., concur.
[1] Appellees received $98,000 from Jonathan Sanchez's bodily injury liability coverage.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.