OPINION
Appellant State Farm Mutual Automobile Insurance Company ("State Farm") is appealing the decision of the Stark County Court of Common Pleas, that assessed damages against State Farm and Farmers Insurance of Columbus, Inc. ("Farmers") in the amount of $1,500,000. The following facts give rise to this appeal.
On August 6, 1997, Appellees Annette Leisure, individually and as administratrix of the Estate of Jason Leisure, deceased, Dennis Leisure and Jacob Leisure filed suit against Appellants State Farm and Farmers. Appellees seek underinsured motorist coverage as the result of an automobile accident, on August 17, 1995, in which the appellees' decedent was ejected from an automobile owned by George Fender, operated by Jonathan Sanchez and insured by Farmers. Jason Leisure died from the injuries sustained in the accident.
The complaint is captioned "Declaratory Judgment Underinsured Motorist Claim". In the complaint, appellees allege the accident was the result of the joint and concurrent negligence of Jonathan Sanchez and the driver of another automobile, George Motz, III. Appellees settled their wrongful death/tort claims against Sanchez and Motz prior to this action. Appellees further allege they have exhausted Motz's $50,000 limit of liability for bodily injury liability coverage and substantially exhausted Sanchez's $100,000 limit for bodily injury liability coverage.[1]
Appellees claim they and the decedent are insureds under State Farm policy number 699 4063-F-16-35D and Appellant Farmers policy number 25-1388-40-22. Each policy at issue has underinsured motorist coverage limits of $100,000 each person and $300,000 each accident/occurrence. Appellees further alleged, in the complaint, that Appellant State Farm and Farmers are obligated to pay them "up to the limits of their `each accident/occurrence' underinsured motorist coverages of $300,000." Under Senate Bill 20 and House Bill 350, appellees are not entitled to coverage under Appellant State Farm or Farmers' policies and therefore, in the complaint, appellees request that those portions of Senate Bill 20 and House Bill 350, that apply to appellees' complaint, be found unconstitutional. Finally, the prayer in appellees' complaint is for declaratory relief and a judgment against Appellant State Farm and Farmers for compensatory damages of more than $25,000.
Appellant State Farm did not timely file an answer to appellees' complaint. More than two weeks after the answer date, which would have been September 10, 1997, the trial court, by judgment entry filed September 24, 1997, ordered appellees' counsel to file a motion for default judgment or face dismissal for want of prosecution. Appellees filed their motion for default judgment on September 26, 1997. The trial court granted appellees' motion for default judgment on October 1, 1997, and scheduled a damages hearing for October 20, 1997.
Appellant State Farm filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(1), on October 8, 1997. Appellees filed a memorandum in opposition on November 23, 1997. The trial court rescheduled the damages hearing for October 24, 1997, at which time it would address Appellant State Farm's motion. Following this hearing, on October 30, 1997, appellees filed their notice of service on the Ohio Attorney General pursuant to R.C. 2721.12. On October 31, 1997, the trial court issued its judgment entry overruling Appellant State Farm's Civ.R. 60(B)(1) motion. On November 6, 1997, the trial court awarded damages in the amount of $1,500,000 against Appellant State Farm and Farmers.
On November 10, 1997, Appellant State Farm filed a motion claiming the trial court lacked subject matter jurisdiction and also seeking reconsideration and/or clarification of the trial court's decision rendered on October 31, 1997. The trial court overruled Appellant State Farm's motion on November 21, 1997. On November 25, 1997, appellees filed a motion to strike. The trial court granted appellees' motion as it related to information received after its October 31, 1997, decision. Appellees filed notice with the trial court, on December 1, 1997, that the Attorney General would not participate in the case. Appellant State Farm filed two separate notices of appeal: the first on November 25, 1997; the second on December 30, 1997.
Appellant State Farm sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RELIEF FROM DEFAULT JUDGMENT PURSUANT TO CIV.R. 60(B)(1).
 II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RELIEF FROM DEFAULT JUDGMENT PURSUANT TO CIV.R. 60(B)(5).
 III. THE TRIAL COURT ERRED IN ENTERING A DEFAULT JUDGMENT IN A DECLARATORY JUDGMENT ACTION IN WHICH IT LACKED JURISDICTION BECAUSE OF APPELLEES' FAILURE TO SERVE THE OHIO ATTORNEY GENERAL.
 IV. THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION TO STRIKE.
 I, II
We will address appellant's first and second assignments of error simultaneously as both concern whether the trial court improperly denied relief from judgment pursuant to Civ.R. 60(B). For the reasons that follow, we find the trial court did not abuse its discretion when it denied appellant relief from judgment.
Appellant sought relief from judgment under Civ.R. 60(B)(1) and (5). These sections of the rule provide as follows:
 (B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
 (1) mistake, inadvertence, surprise or excusable neglect; * * *
 (5) any other reason justifying relief from the judgment.
Appellant State Farm argues, under its first assignment of error, the trial court erred when it determined appellant's failure to timely file an answer was inexcusable neglect. In support of this argument, appellant relies upon the affidavit of Kelly Mian in which she states because of clerical error, inadvertence or oversight, the answer due date was never entered in the docketing software of the firm's computer system. Ms. Mian also states, in her affidavit, that the answer date was not manually noted on the face of the cover letter accompanying the fax copy of the complaint.
A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77. In order to prevail on a motion brought pursuant to Civ.R. 60(B), "* * * the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken." Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, citing GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
If any prong of this requirement is not satisfied, relief shall be denied. Argo at 391. "If the material submitted by the movant in support of a motion for relief from judgment contains no operative facts or meager and limited facts and conclusion of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 105.
We find the trial court did not abuse its discretion when it denied appellant's motion for relief from judgment pursuant to Civ.R. 60(B)(1). Other jurisdictions have reached the same conclusion when addressing similar fact situations. In AndrewBihl Sons, Inc. v. Trembly (1990), 67 Ohio App.3d 664, the court refused to provide relief from a default judgment although the defendant had suffered a heart attack and did not work during the period in which an answer should have been filed.
In the case of Observatory Group, Inc. v Chovan (Nov. 25, 1996), Warren App. No. CA 96-05-041, unreported, the court noted that the defendant timely notified his attorney about the case, but that the attorney thereafter failed to ascertain the date of service or the answer date. The attorney also failed to personally review the complaint but instead relied upon his client to read and evaluate the complaint. The court found that "[s]uch conduct falls substantially below what is reasonable under the circumstances and exhibits a disregard for the judicial system and appellant's rights." Id. at 2.
In Skertic v. Niles Cycle Sales, Inc. d.b.a Honda of Niles
(May 7, 1993), Trumbull App. No. 92-T-4738, unreported, the court held the only evidence was that the complaint got lost in the defendant's paperwork. The court stated to meet its burden of proving excusable neglect, the movant must state operative facts, not merely chant a conclusory statement of "clerical inadvertence". Id. at 2. In Kovalchik v. Fallucco d.b.a.Dominic's Automotive Service (Aug. 24, 1994), Summit App. No. 16670, unreported, the court emphasized the fact that the defense attorney was fully apprised of the litigation and had actual knowledge of its pendency. The court stated:
 Excusable neglect * * * requires more than the mere failure of the attorney to file the necessary documents. [Citations omitted.] Here, defendant's counsel had full knowledge of the complaint; she knew the date by which the answer was to be filed; and she had adequate time to prepare an answer or a request for additional time. We cannot say that the trial court abused its discretion in finding that the neglect of defendant's counsel was not excusable. Id. at 3.
Finally, in Browning v. Health Enterprises of America, Inc.
(June 26, 1987), Crawford App. No. 3-86-1, unreported, the court of appeals adopted a standard that excusable neglect requires a finding of "unique or extraordinary circumstances as opposed to a mere palpable mistake by counsel." Id. at 4. In the case subjudice, the docket department's failure to enter the answer due date on the docketing software of the firm's computer system and failure to manually note the answer date on the face of the cover letter accompanying the fax copy of the complaint does not establish excusable neglect nor does it rise to the level of a "unique" or "extraordinary circumstance". The trial court did not abuse its discretion when it overruled Appellant State Farm's motion for relief from judgment pursuant to Civ.R. 60(B)(1).
In its second assignment of error, appellant also contends it is entitled to relief from judgment pursuant to Civ.R 60(B)(5). Appellant State Farm sought relief from judgment, pursuant to Civ.R. 60(B)(1) and (5), in a second motion it filed on November 10, 1997. This second motion was entitled "Motion to Dismiss for Lack of Jurisdiction or, Alternatively, for Reconsideration and/or Clarification". Appellant State Farm raises the following arguments in support of its motion for relief from judgment pursuant to Civ.R. 60(B)(5). First, appellant contends appellees failed to comply with Civ.R. 55(A) and give written notice to it seven days prior to the hearing on appellees' motion for default judgment. Second, appellant maintains the trial court's judgment entry is irregular and a nullity in that it awards judgment in a declaratory judgment action without any declaration of the parties' rights and responsibilities under the insurance policy contract sued upon.
Third, appellant contends the trial court erred in entering default judgment without any proof that Senate Bill 20 was unconstitutional when that was the only way appellees could prevail on their complaint. Finally, appellant maintains the trial court's entry and judgment on default was irregular in that it awarded damages against two insurers on two insurance policy contracts on joint and several basis and in excess of the stated limits of the policy contracts.
We find appellant's second motion, which seeks relief under Civ.R. 60(B)(1) and (5), is barred by the doctrine of resjudicata. When a motion for relief from judgment has been denied, res judicata precludes relief on successive, similar motions raising issues which were or could have been raised originally. McCann v. Lakewood (1994), 95 Ohio App.3d 226, 237;Brick Processors, Inc. v. Culbertson (1981), 2 Ohio App.3d 478,479. However, "* * * res judicata does not bar a subsequent motion for relief from judgment when the subsequent motion is based on different facts, asserts different grounds for relief, and `it is not certain that * * * [the] issue could have been raised in the prior motions.'" Coulson v. Coulson (1983), 5 Ohio St.3d 12,17.
The doctrine of res judicata is applicable, in the case subjudice, because appellant has not demonstrated that the above arguments, contained in its second motion for relief from argument, could not have been raised in the first motion for relief from judgment filed on October 9, 1997. The trial court did not abuse its discretion when it denied appellant relief under Civ.R. 60(B)(5).
Appellant's first and second assignments of error are overruled.
 III
Appellant maintains, in its third assignment of error, at the trial court erred when it entered default judgment, in a declaratory judgment action, in which it lacked jurisdiction because of appellees' failure to serve the Ohio Attorney General. We agree.
R.C. 2721.12 provides, in pertinent part:
 * * * In any proceeding which involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and shall be heard. In any proceeding which involves the validity of a township resolution, the township shall be made a party and shall be heard.
The requirement that the Attorney General be served with a copy of the proceedings has repeatedly been held to be a mandatory jurisdictional requirement. Asbury Apts. v. Dayton Bd. of Zoning
(1997), 77 Ohio St.3d 1229; Ohioans for Fair Representation, Inc.v. Taft (1993), 67 Ohio St.3d 180, 183; Westlake v. MascotPetroleum (1991), 61 Ohio St.3d 161, 163; Sebastiani v. Youngstown
(1979), 60 Ohio St.2d 166, 167; and Malloy v. Westlake (1977),52 Ohio St.2d 103, 104. The Attorney General must be served at the same time and in the same manner that the complaint is served under Civil Rules 4, 4.1 and 4.3. Hydraulic Press Brick Co. v.City of Independence (1974), 38 Ohio App.2d 37, 39.
Compliance with R.C. 2721.12 puts the Attorney General in receipt of a copy of the complaint so he or she may determine whether the state's interest should be represented. Id. Therefore, in order to make it possible for such a determination, the Attorney General is entitled to receive timely notification, that is, notification at the time the proceedings commence. Id. Otherwise, the trial court does not acquire jurisdiction. Id.
In the case sub judice, appellees requested, in their complaint for declaratory judgment, that the trial court find Senate Bill 20 and House Bill 350 unconstitutional. Therefore, under R.C. 2721.12, appellees were required to serve the Attorney General with a copy of the complaint when they filed it on August 6, 1997. Appellees failed to do so and it was only after the trial court rendered default judgment and conducted the damages hearing that appellees served the Attorney General with a copy of the complaint. Further, it was not until after appellees filed their first notice of appeal that they received notice from the Attorney General that she did not intend to participate in the litigation.
Based upon the above facts, we find the trial court did not have jurisdiction to enter a judgment in this matter. Therefore, we vacate the default judgment and award of damages entered by the trial court. Although the trial court did not have jurisdiction to enter default judgment, the facts of the case remain the same. Appellant State Farm did not timely file an answer and the Attorney General has indicated that she does not want to participate in this lawsuit. Because we have determined the trial court did not abuse its discretion when it denied Appellant State Farm's motion for relief from judgment, upon remand, the trial court can, in its discretion, reinstate its default judgment.
We further find the trial court does not have to conduct another evidentiary hearing in this matter because the evidence presented at the hearing conducted on October 24, 1997, remains the same. Appellees set forth evidence regarding the damages they suffered as a result of the death of Jason Leisure. Appellant State Farm set forth no evidence concerning the issue of damages except to say that it was entitled to set off pursuant to the language contained in its policy of insurance and pursuant to R.C.3937.18(H) and (G). Tr. at 31-32. We agree with Appellant State Farm's argument that under Beagle v. Walden (1997), 78 Ohio St.3d 59, set off applies and because appellees have already received $148,000 from the two tortfeasors' insurance policies appellees are not "underinsured" under the terms of Appellant State Farm's policy of insurance.
Although Appellant State Farm makes the correct argument, we find, under the facts of this case, it cannot assert the defense of set off, on appeal, or on remand. Appellant State Farm failed to raise the issue of set off, as an affirmative defense, pursuant to Civ.R. 12(B), by filing a timely answer.
Appellant State Farm again had an opportunity to argue set off at the evidentiary hearing. "Even though a defendant is in default in pleadings, the defendant has a right to appear in person or by counsel at a hearing of the cause for the assessment of damages, to object to the introduction of evidence that is improper and to participate in the hearing to minimize the damages * * *."Craft v. Craft (1989), 63 Ohio App.3d 499, 500, citingStockhaus v. K G Trucking Co. (1939), 29 Ohio Law Abs. 34, 35. The record of the evidentiary hearing indicates Appellant State Farm presented no evidence regarding damages. Having waived the issue of set off by not timely filing an answer and not presenting any evidence of set off at the damages hearing, we will not now permit appellant to make this argument on appeal. It is well-settled law in Ohio that an appellate court will not consider as error an issue that is raised for the first time on appeal.Tarry v. Stewart (1994), 98 Ohio App.3d 533, 540; Schade v.Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210.
Finally, we must determine whether the trial court properly awarded appellees $1,500,000 in damages. In making this determination, we must consider the basis for appellees' lawsuit. The basis of this lawsuit is the contract of insurance issued on behalf of appellees by Appellant State Farm. A policy of insurance is a contract entered into between the insurer and insured. Insurance policies are generally interpreted by applying rules of contract law. Burris v. Grange Mut. Cos. (1989), 46 Ohio St.3d 84,89. Appellees seek to recover damages as underinsured motorists as defined in Appellant State Farm's policy of insurance. Since appellees' cause of action is based upon a contract and appellees seek coverage under a provision of the contract, the trial court is limited to awarding damages as contained in the contract.
Further, as noted above, although the contract contains language regarding set off, Appellant State Farm waived this provision of the contract by not raising this defense by way of an answer or by the presentation of evidence at the damages hearing. As such, appellees are entitled to $100,000 per person or $300,000 per occurrence limits from Appellant State Farm. We remand this matter to the trial court for the court to enter damages in an amount not to exceed Appellant State Farm's policy limits.
Appellant's third assignment of error is affirmed.
 IV
In its final assignment of error, Appellant State Farm contends the trial court erred when it granted appellees' motion to strike. We agree.
Appellant maintains the trial court erred when it struck its "appearance of counsel" argument and the affidavit of the undersigned from its motion to dismiss or for reconsideration and/or clarification because it did so after appellant filed its notice of appeal with the Court. We sustain appellant's fourth assignment of error for the reasons set forth in appellant's third assignment of error. Appellees failed to comply with the requirements of R.C. 2721.12 and therefore, the trial court did not have jurisdiction over this matter.
Appellant's fourth assignment of error is sustained.
For the foregoing reasons, the decision of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
By: Wise, J., Gwin, P. J. and Reader, J. concur.
[1] Appellees received $98,000 from Jonathan Sanchez's bodily injury liability coverage.
For the reasons stated in the Memorandum-Opinion on file, the decision of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion. Costs to Appellant State Farm.