[Cite as *Goodpaster v. Banker*, 2016-Ohio-1077.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| GLENN GOODPASTER, | : | APPEAL NO. C-150031 |
| | | TRIAL NO. A-1207115 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| WILLIAM R. BANKER, | : | |
| Defendant-Appellant, | : | |
| and | : | |
| U.S. BANCORP, | : | |
| US BANK NATIONAL ASSOCIATION, | : | |
| ELAN FINANCIAL SERVICES, | : | |
| THE PARK NATIONAL BANK, | : | |
| and | : | |
| CARD MEMBER SERVICES, | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  March 18, 2016

*Blankenship Massey & Associates, PLLC,* and *Carl E. Grayson,* for Plaintiff-Appellee,

*William R. Banker,* pro se.

Please note:   this case has been removed from the accelerated calendar.

**CUNNINGHAM, Judge.**

{¶1}   Defendant-appellant William R. Banker appeals the trial court's entry granting plaintiff-appellee Glenn Goodpaster's second motion for discovery sanctions and granting a default judgment in favor of Goodpaster.   Goodpaster had brought suit against Banker and others for breach of fiduciary duty, conversion, and fraud in the operation of a joint business venture, Laser Hair Rejuvenation, LLC.

{¶2}   Banker ultimately brought a counterclaim raising three causes of action against Goodpaster for breach of fiduciary duty, defamation, slander and libel, and intentional interference with a business relationship.   The trial court granted Goodpaster's motions for partial summary judgment, leaving only the breach-of-fiduciary-duty counterclaim for further resolution.

{¶3}   Banker made delayed and often incomplete responses to Goodpaster's discovery requests.   In May 2014, the trial court granted Goodpaster's motion to compel Banker's production of documents and responses to interrogatories.   Banker complied only in part.   On July 22, 2014, the trial court granted Goodpaster's motion for sanctions and admonished Banker that continued noncompliance could result in further sanctions under Civ.R. 37(B).

{¶4}   One month later, the trial court again directed Banker to produce the requested documents, including bank records and tax returns, which would demonstrate Banker's receipt and use of funds from Goodpaster.   Banker failed to provide substantive responses to the court's order.   Goodpaster filed a second motion for discovery sanctions under Civ.R. 37 including the striking of Banker's answer and remaining counterclaim, and the entry of a default judgment on all claims asserted against Banker.

{¶5}   During this period, Banker continued to file numerous motions seeking, for example, "correction of incorrect statements," reconsideration of summary judgment, and a "declaratory ruling."

{¶6} On December 11, 2014, the trial court held a hearing on Goodpaster's motion for sanctions and a default judgment. Banker was present at the hearing and argued against the granting of a default judgment. But the trial court, noting its prior warning to Banker, found that he had persisted in violating the court's discovery orders. As a sanction, the trial court declared that it would grant Goodpaster's motion in its entirety, including the entry of a default judgment.

{¶7} The trial court immediately proceeded to hold a hearing on damages. Goodpaster testified on the measure of the damages incurred. During Goodpaster's examination by his own trial counsel, Banker, appearing pro se, asked the trial court, "Do I question the witness now, ma'am?" The trial court responded, "No. You don't get to participate in this at all. Okay."

{¶8} When Goodpaster had been excused, Banker inquired of the trial court, "Judge, may I ask why don't I get to question him at all?" The trial court responded,

> Because you have a default judgment found against you. You don't
>
> get to participate in the hearing. When you don't – I told you this for
>
> the last year that this was going to happen, and you didn't cooperate.
>
> And you got a default judgment against you. That's the bottom line.

{¶9} The trial court journalized its entry granting a default judgment for Goodpaster on January 6, 2015. Banker filed a notice of appeal on January 14. Although Banker's timely notice of appeal improperly designates the trial court's December oral announcement of its default-judgment decision as the order being appealed from, this defect has not prejudiced Goodpaster. *See* App.R. 3(D); *see also Transam. Ins. Co. v. Nolan*, 72 Ohio St.3d 320, 649 N.E.2d 1229 (1995), syllabus; *Maritime Mfrs., Inc. v. Hi-Skipper Marina*, 70 Ohio St.2d 257, 259, 436 N.E.2d 1034 (1982). Goodpaster had notice of the appeal and ample opportunity to respond. Accordingly, we address the merits of Banker's assignments of error

3

where possible. *See Bowling v. Gordon Real Estate, LLC*, 1st Dist. Hamilton Nos. C-070377, C-070378 and C-070387, 2008 Ohio App. LEXIS 5913, *3-4 (Sep. 24, 2008).

{¶10} From Banker's argument, we glean that in his first assignment of error he alleges that the trial court erred in ruling on various contract claims when it entered a default judgment. The alleged error is not demonstrated in this record as neither Goodpaster's amended complaint nor Banker's counterclaim raised breach-of-contract claims. The first assignment of error is overruled.

{¶11} In his second assignment of error, Banker argues that the trial court "overreached" in granting a default judgment as a sanction for discovery violations, and that the award of damages was not "accurate[] or justifiable." We agree, in part.

{¶12} Civ.R. 37(B)(2)(c) provides that if a party fails to obey an order to provide or permit discovery, the trial court "may make such orders in regard to the failure as are just, [including] [a]n order * * * dismissing the action * * * or rendering a judgment by default against the disobedient party." *See Dater v. Charles H. Dater Found.*, 1st Dist. Hamilton Nos. C-020675 and C-020784, 2003-Ohio-7148, ¶ 36. Civ.R. 41(B)(1) also provides that where a party "fails to * * * comply with * * * any court order, the court * * * may, after notice * * * dismiss an action or claim." *See Hillabrand v. Drypers Corp.*, 87 Ohio St.3d 517, 518, 721 N.E.2d 1029 (2000).

{¶13} The decision to dismiss a case for repeated and willful discovery violations is consigned to the discretion of the trial court. *See Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47, 684 N.E.2d 319 (1997). A trial court does not abuse its discretion by ordering dismissal or granting a default judgment where the record shows that the conduct of the sanctioned party was "so negligent, irresponsible, contumacious or dilatory as to outweigh the policy that disposition of

4

litigation should be upon its merits." *Evans v. Smith*, 75 Ohio App.3d 160, 163, 598 N.E.2d 1287 (1st Dist.1991).

{¶14} The record submitted for our review is replete with evidence of Banker's refusal to comply with the trial court's discovery orders within clearly stated time periods, and without explanation. Coupled with his filing of numerous, frivolous pretrial motions, these delays caused a substantial impediment to discovery being completed and the case being set for trial. As early as July 2014, months before the court ruled on Goodpaster's motion for a default judgment, the trial court found that Banker had failed to produce ordered discovery materials, including documents and answers to written interrogatories. The trial court ordered Banker to fully comply within ten days. It warned Banker in the entry that continued noncompliance could result in further sanctions under Civ.R. 37(B). Nonetheless, Banker's dilatory behavior continued.

{¶15} Banker's flagrant and substantial disregard for discovery requests and the trial court's orders fully justified dismissal on procedural grounds. *See State ex rel. Shemo v. City of Mayfield Hts.*, 92 Ohio St.3d 324, 325, 750 N.E.2d 167 (2001). The trial court, therefore, did not abuse its discretion in granting a default judgment against Banker on Goodpaster's claims as a sanction under Civ.R. 37(B).

{¶16} But even though a party is in default, the plaintiff must still prove his damages and the trial court must ascertain what damages are appropriate. *See* Civ.R. 54(C) and 55(C); *see also W2 Properties, LLC v. Haboush*, 196 Ohio App.3d 194, 2011-Ohio-4231, 962 N.E.2d 858, ¶ 29 (1st Dist.).

{¶17} While the trial court has discretion in determining the measure of the damages, and the method of proof of those damages, that discretion is not unlimited. Even if a defendant is in default, he has a right to appear at the damages hearing, to object to the introduction of evidence that is improper, and to participate in the hearing to minimize the damages. The denial of this right is error. *See Craft*

*v. Craft*, 63 Ohio App.3d 499, 500, 579 N.E.2d 289 (9th Dist.1989); *see also Prather v. Am. Med. Response, Inc.*, 9th Dist. Summit No. 20965, 2002-Ohio-5261, ¶ 16.

{¶18}   Here, it is clear from the transcript of the proceedings of the damages hearing that Banker had sought to participate in the hearing, and that the trial court had erroneously denied him that opportunity.   *See Craft* at 500. Therefore, the trial court's damages decision was not supported by a sound reasoning process, and was an abuse of its discretion.   *See AAAA Ents., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).   The second assignment error is sustained in part, and overruled in part.

{¶19}   Banker's third assignment of error, in which he argues that the trial court erred in denying his "motion for declaratory ruling," is overruled.   Ohio's Declaratory Judgment Act, found in R.C. Chapter 2721, plainly "contemplate[s] a distinct proceeding * * * initiated by the filing of a complaint," or a counterclaim. *Fuller v. German Motor Sales, Inc.*, 51 Ohio App.3d 101, 103, 554 N.E.2d 139 (1st Dist.1988).   A "motion for declaratory ruling" is a legal chimera "inadequate to invoke the jurisdiction of [a] court pursuant to R.C. Chapter 2721."   *Id.*   Banker failed to raise a claim for declaratory judgment in his counterclaim.   He sought declaratory relief solely by means of a motion.   Therefore, he failed to invoke the jurisdiction conferred by the act, and the trial court did not err in denying the motion.

{¶20}   The fourth assignment of error, in which Banker asserts that the trial court erred in not granting a hearing on his claims for intentional infliction of emotional distress, is overruled.   Banker also failed to raise this cause of action in his counterclaim.

{¶21}   Having found that the trial court erred in denying Banker the opportunity to participate in the damages hearing, we reverse the trial court's award

of default-judgment damages. We remand this cause to the trial court for it to conduct a damages hearing in accordance with law and this opinion. The trial court's judgment is affirmed in all other respects.

Judgment accordingly.

**FISCHER, P.J.,** and **HENDON, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.