RAUCHENSTEIN, APPELLANT, *v.* THE KROGER COMPANY ET AL., APPELLEES.

(No. 81AP-495—Decided October 6, 1981.)

*Mr. John R. Workman,* for appellant.
*Messrs. Porter, Wright, Morris & Arthur, Mr. Charles J. Kurtz, III,* and *Mr. William M. Todd,* for appellee Kroger Co.
*Mr. William J. Brown,* attorney general, and *Mr. Gerald H. Waterman,* for appellee Bureau of Workers' Compensation.

NORRIS, J. Plaintiff appeals from a judgment entry of the Court of Common Pleas of Franklin County dismissing his appeal in a claim for workers' compensation benefits, because plaintiff "failed and refused to appear for oral depositions as ordered" by the court. The issue raised by the appeal is whether the trial court abused its discretion in imposing the severe sanction of dismissal for plaintiff's failure to provide discovery.

After allegedly having suffered an injury in the course of his employment, plaintiff filed a claim with the Bureau of Workers' Compensation. When his claim was denied by the bureau and by the Industrial Commission, plaintiff appealed to the court of common pleas.

According to the briefs of plaintiff

and Kroger (no brief was filed by the administrator), plaintiff's deposition was scheduled for October 13, 1980, by agreement of counsel, but plaintiff did not appear. The deposition was then rescheduled by agreement of counsel for November 10. Again, plaintiff failed to appear. On November 20, a judge of the court of common pleas signed an "Entry," approved by counsel for plaintiff and Kroger, reciting plaintiff's failure to appear on November 10, and ordering plaintiff to "appear for a deposition within ninety days * * * and that failing such appearance, the court will consider a motion for appropriate sanctions."

On November 24, counsel for Kroger served on plaintiff's counsel a notice that plaintiff's deposition would be taken on February 2, 1981. Again, plaintiff failed to appear on the scheduled date. On February 4, Kroger filed its pretrial statement noting that "[p]laintiff refuses discovery and the cause should be dismissed"; according to the certificate of service attached to this pretrial statement, a copy was mailed to plaintiff's counsel on February 3. Kroger then, on March 11, filed a motion seeking relief pursuant to Civ. R. 37(B), including dismissal of the action and reasonable attorney fees.

Plaintiff responded with a memorandum contra and an affidavit in which he said that his roommate had been misplacing, hiding, or losing his mail, and that he did not receive six of his attorney's letters between September 30, 1980, and February 3, 1981; that the first he knew his case was in jeopardy was when he received a letter from his attorney on March 20, 1981; and that he had not "willfully ignored this situation" and had no knowledge that he was missing scheduled depositions.

The trial court sustained Kroger's motion, dismissed the case, and granted Kroger's request for attorney fees on the basis that plaintiff had "failed and refused to appear for oral deposition as ordered by this Court on November 20, 1980."

Plaintiff raises one assignment of error:

"The court of common pleas erred in dismissing plaintiff-appellant's notice of appeal and complaint pursuant to Rule 37(B) of the Ohio Rules of Civil Procedure, because there was no evidence that plaintiff-appellant's failure to appear at a deposition was the result of plaintiff-appellant's willfulness, bad faith or fault."

Certain portions of Civ. R. 37 are pertinent to our consideration of the appeal:

"Failure to Make Discovery: Sanctions

"* * *

"(B) Failure to comply with order.

"* * *

"(2) If any party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

"* * *

"(c) An order * * * dismissing the action or proceeding * * *.

"* * *

"(D) Failure of party to attend at own deposition * * *. If a party * * * fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice * * * the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, and among others it may take any action authorized under subsections (a), (b), and (c) of subdivision (B)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

In an appeal of this nature, the ques-

tion is not whether the reviewing court would have applied as severe a sanction as did the trial court; rather, it is whether the trial court abused its discretion in selecting the sanction.

Plaintiff argues that there was no evidence before the court that his failure to comply with the trial court's order was the product of his wilfullness, bad faith, or fault, and that under these circumstances the court abused its discretion in dismissing his case, citing *Ward* v. *Hester* (1973), 36 Ohio St.2d 38 [65 O.O.2d 181], as authority for his proposition.

In *Ward* v. *Hester,* the Supreme Court held that a trial court does not abuse its discretion by ordering, as a sanction pursuant to Civ. R. 37(B), that the matters regarding which the discovery order was made, and the issues sought to be clarified by the production of documents requested shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order. In the course of its opinion, the Supreme Court cited, with apparent approval, language from an opinion of the United States Supreme Court to the effect that under Fed. R. Civ. P. 37, the imposition of so harsh a sanction as dismissal would not be justified when it has been established that failure to comply with a discovery order was due to inability, rather than the wilfullness, bad faith, or any fault of the party against whom the sanction was sought. See *Societe Internationale Pour Participations Industrieles et Commerciales* v. *Rogers* (1958), 357 U.S. 197.

Here, plaintiff's counsel was well aware of the discovery order, and subsequent to the filing of that order was served with the notice to take his client's deposition. Under Civ. R. 5(B), service upon a party of a discovery order, and of a notice of the taking of depositions, is complete when the notice is served upon his attorney, and the party is bound by that service.

Over two months expired between the notice of taking the deposition and the date upon which plaintiff was to appear. When plaintiff failed to appear on February 2, 1981, approximately two weeks remained before the expiration of the ninety-day period mandated by the discovery order. On February 3, counsel for Kroger put plaintiff's counsel on notice that the sanction of dismissal would be sought. No attempt was made by plaintiff to reschedule the deposition before the ninety days expired; no protective order was requested; and no extension was sought. Under the circumstances, it is difficult to conclude that plaintiff's failure to comply with the discovery order was due to anything other than his wilfullness, bad faith, or fault. Neither were any facts in mitigation before the trial court at the time it considered sanctions; there was not, for example, any evidence that he had made any real attempt to comply, or that he had been unable to comply due to reasons beyond his control or that of his counsel, such as illness. In view of the totality of the circumstances, the excuse raised by plaintiff in his affidavit was both tardy and inadequate.

As we find no abuse of the trial court's discretion, plaintiff's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY and MCCORMAC, JJ., concur.