**EVANS, Appellant,**

v.

**SMITH, Appellee.**

[Cite as *Evans v. Smith* (1991), 75 Ohio App.3d 160.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900357.

Decided July 24, 1991.

*Walter C. Evans, pro se.*
*Gregory R. Wilson,* for appellee.

*Per Curiam.*

The parties, plaintiff-appellant Walter C. Evans and defendant-appellee Timothy A. Smith, entered an agreement in July 1988 to jointly purchase a collection agency known as Subrogation & Recovery Consultants, Inc. ("SRC") for $110,000. Pursuant to their agreement, each party was to contribute $15,000 toward an initial $40,000 payment which was due in August 1988.[1] The agreement further provided that appellee would "operate in such 'Purchaser' capacity as the representative of both parties." Appellee claimed that appellant secured his portion of the corporation's purchase price by establishing "secret" bank accounts and embezzling from the corporation and, therefore, appellee refused to perform under that part of the agreement that required him to issue appellant fifty percent of the corporate stock. Appellant filed suit against appellee and alleged, *inter alia,* fraud, legal malpractice and contractual interference. Criminal proceedings were initiated against

---

1. The remaining $10,000 was to be obtained through a loan to the corporation.

appellant for his alleged misconduct involving SRC, and the prosecution remained pending throughout the civil proceedings under review in this case.

After several unsuccessful attempts to depose appellant, appellee filed a motion to dismiss. The trial court ordered appellant to attend a deposition on April 4, 1990, and to "answer all proper questions or suffer dismissal." Appellant attended the deposition; however, appellee was unsatisfied with appellant's purportedly evasive answers, and promptly renewed his motion for dismissal. After conducting a hearing on the matter, the trial court granted the motion and dismissed the action with prejudice. Appellant advances nine assignments of error for our review.

The first assignment alleges that the trial court erred in granting the dismissal since there was no showing of egregious conduct or bad faith by appellant and since the trial court failed to articulate a basis for dismissing the action. These contentions are meritless.

Civ.R. 37(B)(2), in pertinent part, states:

"If any party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others [may] * * * dismiss the action or proceeding or any part thereof * * *."

When a party has failed to abide by the discovery rules, a sanction imposed by the trial court under Civ.R. 37 is within the discretion of the trial court and generally will not be reversed on appeal unless it affirmatively appears from the record that the court abused its discretion and that the sanction was not just. *Furcello v. Klammer* (1980), 67 Ohio App.2d 156, 158, 21 O.O.3d 454, 456, 426 N.E.2d 187, 189. A trial court does not abuse its discretion by ordering the dismissal of an action pursuant to Civ.R. 37 where the record does not show that the failure to comply with discovery orders was due to inability, such as illness, rather than willfulness, bad faith or any other fault of the noncomplying party. *Rauchenstein v. Kroger Co.* (1981), 3 Ohio App.3d 178, 3 OBR 204, 444 N.E.2d 445.

Ordinarily, it is the policy in Ohio to impose the least severe sanction or a sanction less severe than that of dismissal of the action with prejudice, unless the conduct of the plaintiff is so negligent, irresponsible, contumacious or dilatory as to outweigh the policy that disposition of litigation should be upon its merits. See *Willis v. RCA Corp.* (1983), 12 Ohio App.3d 1, 12 OBR 57, 465 N.E.2d 924. As we hold *infra*, the court did not err in the exercise of its discretion to conclude that appellant's behavior *in toto* merited the imposition of the most severe sanction, *viz.*, dismissal of his action with prejudice.

■ As noted *supra,* the record *sub judice* contains the trial court's April 3, 1990 entry, which, in pertinent part, states:

"Plaintiff [appellant] shall be deposed by Defendant [appellee] on April 4, 1990 * * * and shall answer all proper questions put to him or this action shall be dismissed."

This entry was prepared after the trial court had apprised appellant of the possibility of the imposition of the sanction of dismissal if he continued to thwart appellee's attempt to obtain discovery.

Appellant did attend the April 4, 1990 deposition as required by the entry. However, an examination of the transcript of the deposition reveals that appellant employed various tactics (memory losses, insisting that he could not answer certain questions regarding documents without examining the actual original documents, requesting the court reporter to search through his testimony to determine if a question had already been asked and answered) designed to impede discovery. In light of these unjustified tactics, we hold that the trial court did not abuse its discretion by determining that appellant acted in bad faith. Additionally, contrary to appellant's assertion, the trial court did articulate on the record a basis for the dismissal. The first assignment of error is overruled.

The second assignment of error alleges that the trial court abused its discretion by denying, without a hearing, appellant's Civ.R. 60(B)(1) and (3) motion for relief from judgment. We have reviewed the record and find sufficient evidence to support the trial court's determination that appellant failed to demonstrate his entitlement either to the relief requested or to a hearing on the motion. See *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 68 O.O.2d 251, 316 N.E.2d 469; *Brice v. Turner* (May 1, 1991), Hamilton App. No. C–900254, unreported, 1991 WL 70121. This assignment of error is overruled.

The third assignment of error alleges that the trial court erred by admitting into evidence the transcript of appellant's April 4, 1990 deposition during the hearing conducted on appellee's motion to dismiss. Appellant essentially claims that the filing of the deposition on the day of the hearing was not timely, and that appellee provided no notice of the uncertified deposition's intended use at the hearing in contravention of Civ.R. 32(A). This argument has no merit.

■ Civ.R. 32(A) provides in pertinent part that "every deposition intended to be presented as evidence must be filed at least one day before the trial or hearing unless for good cause shown the court permits a later filing." As indicated in the Staff Note to Civ.R. 32, the filing requirement is designed to

prevent surprise to the party against whom the deposition is to be used and to place the document with the court prior to the proceedings. See *Nickey v. Brown* (1982), 7 Ohio App.3d 32, 7 OBR 34, 454 N.E.2d 177; *Jenkins v. Spano* (Dec. 15, 1987), Belmont App.No. 87–B–3, unreported, 1987 WL 29648. Moreover, the rule permits a deposition to be filed at a later date when the trial court finds good cause for the delay. See *Armstrong v. Diamond Shamrock Corp.* (1982), 7 Ohio App.3d 296, 7 OBR 379, 455 N.E.2d 702.

In the case *sub judice,* appellee renewed his motion to dismiss due to appellant's failure to comply with the trial court's order to answer proper questions put to him at the April 4, 1990 deposition. In support of his motion, appellee cited several colloquies from the deposition and attached an affidavit as to the accuracy of the reproduced testimony. Appellant obviously received notice of this motion since he responded with both a motion to strike and a memorandum in opposition to appellee's motion. Clearly, then, appellant cannot complain that he did not receive notice that the deposition might be used as evidence at the hearing on the motion to dismiss. Additionally, when appellee's counsel offered into evidence the original transcript of the deposition during the hearing, he indicated that appellant had removed portions of the transcribed testimony and that appellant was uncooperative in signing the deposition. In light of these considerations, we cannot say that the trial court abused its discretion by admitting this deposition into evidence at the hearing.

The fourth assignment essentially argues that the trial court erred in dismissing the action pursuant to Civ.R. 37 since the court had not issued an order compelling discovery under Civ.R. 37(A). This argument is untenable.

Civ.R. 37(B)(2) provides that "[i]f any party * * * fails to obey an order to provide or permit discovery, *including an order made under subdivision (A) of this rule* * * *, the court * * * may * * * dismiss the action * * *." (Emphasis added.)

Contrary to appellant's position, the above language illustrates that sanctions imposed pursuant to this section are not limited solely to violations of orders rendered under Civ.R. 37(A). The entry at issue states that appellant *"shall* be deposed * * * on April 4, 1990 * * * and *shall* answer all proper questions put to him or this action shall be dismissed." (Emphasis added.) We conclude that this entry constituted an "order to provide or permit discovery" within the meaning of Civ.R. 37(B). Thus, appellant's failure to comply with the mandate to answer all proper questions during the deposition made the action subject to dismissal under Civ.R. 37(B)(2)(c).

The next assignment alleges error in the trial court's failure to grant appellant's motion to strike the renewed motion to dismiss filed by appellant. Appellant's motion essentially contended that Civ.R. 11 and 5(D) were violated by defense counsel Gregory Wilson's failure to personally sign the motion to dismiss and/or its accompanying certificate of service.

The record reflects that the filing contains on the signature lines Wilson's name followed by the words "per T.S." Presumably, the initials "T.S." refer to appellee, Timothy Smith. At the hearing on appellee's motion to dismiss, Wilson stated that he had authorized appellee to affix his signature on the document for him. Consequently, we conclude that the signature endorsement procedure at issue was not a "sham" and did not violate Civ.R. 11, 5(D) or 7(B) as alleged by appellant. The trial court correctly denied appellant's motion to strike, and the fifth assignment of error is accordingly overruled.

Under the sixth assignment of error, appellant maintains that the trial court erred when it determined that appellant could not invoke the Fifth Amendment privilege against self-incrimination during his deposition without suffering the sanction of dismissal.

The record before us contains neither the transcript of the October 17, 1989 deposition (at which appellant allegedly impeded appellee's discovery attempt by repeatedly invoking the privilege) nor the relevant portions of the March 19, 1990 hearing conducted on this matter. Since there exists authority for a court to dismiss an action due to a plaintiff's refusal to submit to discovery by asserting a Fifth Amendment privilege against self-incrimination, see *Lyons v. Johnson* (C.A.9, 1969), 415 F.2d 540, we cannot say, based upon the state of the record regarding this issue, that the trial court abused its discretion by directing appellant to refrain from invoking the privilege against self-incrimination during depositions. The sixth assignment of error is overruled.

The seventh assignment of error alleges that the trial judge committed prejudicial error by failing to recuse himself from the case. This contention is groundless. The record reflects that appellant stated that it was "totally acceptable" to him that the trial judge preside over the case when the subject of recusal was discussed. Thus, any claimed error was waived, and this assignment is overruled.

The eighth assignment of error alleges an abuse of discretion in the trial court's failure to inquire into the nature of the questions appellee attempted to pose during the deposition prior to the imposition of the Civ.R. 37 sanction. This contention is feckless. The trial court indicated at the May 3, 1990 hearing regarding appellee's motion to dismiss that it had examined the April 4, 1990 deposition. Therefore, the trial court was able to determine from the

transcript whether the questions which appellee posed to appellant during the deposition were relevant to the proceedings. Accordingly, appellant has failed to demonstrate that he was prejudiced by the trial court's failure to require appellee to establish the relevancy of the information sought during the deposition. This assignment of error is overruled.

The final assignment of error alleges that appellant's due process rights were violated due to the "unfairness" and "want of consideration for justice" in the proceedings below. This assignment has no support in the record and is accordingly overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

GORMAN, P.J., SHANNON and UTZ, JJ., concur.