OPINION
Plaintiff-appellant/cross-appellee Burt H. Sagen appeals from the order of the Parma Municipal Court dismissing his complaint with prejudice for failure to respond to discovery requests of the defendants-appellees/cross-appellants Raymond and Carol Thrower arising from plaintiffs claim for $5,000 in attorney fees. Plaintiff contends that the trial court erred in entering the dismissal before giving plaintiff a last warning or entering same without adopting the magistrates decision. The plaintiff also claims he was denied due process when the case was decided by a judge to whom it had not been assigned. Defendants filed a crossappeal. For the reasons hereinafter stated, we find no merit to the appeal and deny the cross-appeal as moot.
On September 13, 1994, plaintiff Burt H. Sagen filed suit in Parma Municipal Court to recover a legal fee ($5,000) allegedly owed by defendants Raymond and Carol Thrower. Defendants represented themselves throughout these proceedings. Plaintiff claimed that defendants owed him the fee for plaintiffs legal representation of a certain Thomas Blasz who was a co-defendant with the defendants sons in a 1989 criminal prosecution in Summit County. There was apparently no written agreement for this alleged obligation between plaintiff and defendants.
On January 6, 1995, defendants, appearing pro se throughout these proceedings, filed a Civ.R 12(B)(6) motion to dismiss because there was no written agreement as allegedly required by the statute of frauds (R.C. 1335.05). On May 4, 1995, the Parma Municipal Court granted defendants motion to dismiss without opinion.
On appeal to this Court in Sagen v. Thrower (Oct. 12, 1995), Cuyahoga App. No. 69101, unreported at 2, we reversed and remanded to determine if plaintiff could show that their purpose "in promising to pay Blaszs attorneys fees was to subserve their own purposes * * * [which] would fall outside the Statute of Frauds."
Upon remand to Parma Municipal Court, defendants continued with their discovery requests and on March 22, 1996, served plaintiff with interrogatories and requests for production of documents and admissions. On May 7, 1996, plaintiff served his hand-printed responses to defendants discovery requests which state in full text as follows:
 1. Please state the name, address and title of the person answering these interrogatories.
ANSWER: [no answer]
 2. Please state the exact date that defendants allegedly hired you for representation of "Thomas Blasz"
Date ____ Month July Year 1989
 3. Please state the addresses of the location where this alleged "oral contract" was made at.
 ANSWER: 5514 PEARL ROAD, PARMA, OHIO CONFIRMED AT COURT OF APPEALS
 4. Please state the names and addresses of all persons who were present when this alleged "oral contract" was made.
SARAH ZBORSKY OTHERS
 5. Identify all documents or other writings consulted or used by the person answering these interrogatories [sic]
 ANSWER: COURT DOCKET, INDICTMENT COURT FILE, 
PERSONAL FILE
 6. Identify all persons to whom the person answering these interrogatories has consulted with respect to the answers to to [sic] these interrogatories, giving the name and address of each such person
 ANSWER: CLERK OF COURTS, SUMMIT COUNTY COURT HOUSE, COURT REPORTERS OFFICE, SUMMIT COUNTY
 7. Identify all expert witnesses whom you intend to call at the trial of this case by name, address, and field of expertise and whether you have obtained any expert reports from them.
ANSWER: UNDETERMINED AT THIS TIME
 8. State the name and address of all persons whom you intend to call as witnesses at trial in this case together with the subject matter of their testimony.
ANSWER: UNDETERMINED
REQUEST FOR PRODUCTION OF DOCUMENTS
 1. All documents and exhibits plaintiff intends to introduce as evidence at trial.
UNDETERMINED — WILL INCLUDE INDICTMENT — DOCKET
Defendants took these responses to be a failure to fully comply with their requests and they served letters pointing out the discrepancies and finally filed motions to compel plaintiff to comply with their discovery requests.
On March 13, 1997, a magistrate issued a decision ordering plaintiff to comply with defendants discovery requests, stating:
 Plaintiff is to fully answer all interrogatories and produce all requested documents as asked for by the Defendants by May 1, 1997. Should the Answer in the opinion of the Court be spurious, not given in good faith or do not answer the interrogatories, the Court shall dismiss Plaintiffs lawsuit with prejudice at Plaintiffs cost.
On April 25, 1997, plaintiffs counsel served Supplemental Answers as follows:
 Plaintiff hereby supplements the previously filed answers to request for production of documents and interrogatories to plaintiff as follows:
 7. Mark Sullivan 75 Public Square Cleveland, Ohio 44113
8. Sarah Zborsky
 Other Witnesses identified in the Answers to Interrogatories these witnesses will testify concerning the promises made by defendants.
On May 5, 1997, defendants filed a motion to dismiss with prejudice due to plaintiffs failure to comply with the magistrates order. In those motion papers, defendants explained exactly what discovery requests plaintiff did not comply with and catalogued both the formal and informal efforts to obtain compliance. Plaintiff never further responded to these discovery requests but filed a one page opposition to the motion to dismiss asserting compliance.
On January 7, 1998, the municipal judge ruled in favor of defendants motion to dismiss and dismissed plaintiffs lawsuit with prejudice "due to plaintiffs failure to comply with Discovery." In the trial courts order it stated:
 Plaintiff was ordered on more than one occasion by the Court to fully comply with Defendants requests for Discovery. Moreover, in his entry of March 13, 1997, Magistrate Albert Schleicher put Plaintiff on notice that failure to properly answer Defendants interrogatories and provide requested documents would lead to severe sanctions, including dismissal of the action.
* * *
 In the case at hand the Court finds that the Plaintiff has demonstrated a lack of good faith by steadfastly failing and refusing to answer Defendants demands for discovery as ordered. The answers that were provided were spurious and have failed to be responsive to the information sought. This course of conduct has been ongoing and in direct conflict with the Courts order and warning on March 13, 1997.
 Defendants Motion to Dismiss with prejudice is hereby granted and Plaintiffs action is dismissed.
From the trial courts order dismissing the complaint plaintiff pursued this timely appeal.
We will address the assignments of error in the order asserted.
 I. THE COURT COMMITTED PREJUDICIAL ERROR IN GRANTING THE MOTION TO DISMISS UPON AN ALLEGED FAILURE TO COMPLY WITH DISCOVERY WITHOUT ISSUING AT LAST WARNING TO PLAINTIFF IDENTIFYING ANY ALLEGED SHORTCOMING IN RESPONDING TO DISCOVERY.
In his first assignment of error, plaintiff asserts that before a trial court may dismiss a case with prejudice for flagrant violations of discovery obligations, the court must allow a final opportunity to comply. We disagree.
In Quonset Hut v. Ford Motor Co. (1997), 80 Ohio St.3d 46, syllabus, the Supreme Court held:
 For purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal.
This Court in Shoreway Circle v. Gerald Skoch Co. (1994),92 Ohio App.3d 823, approved the dismissal procedure identical to the procedure used in the case sub judice. In affirming the dismissal in Shoreway Circle based on willful noncompliance with discovery, this Court stated:
 The required procedure is exactly what occurred in the instant case. The defendants moved to compel. The court did not dismiss the case at that time, but instead ordered the plaintiff to comply or it would dismiss the case. This permitted the plaintiff one last chance to comply before the court would order dismissal.
This Court in Shoreway Circle v. Gerald Skoch Co. (1994),92 Ohio App.3d 823, approved the dismissal procedure identical to the procedure used in the case sub judice. In affirming the dismissal in Shoreway Circle based on willfull noncompliance with the discovery, this court stated:
 The required procedure is exactly what occurred in the instant case. The defendants moved to compel. The court did not dismiss the case at that time, but instead ordered the plaintiff to comply or it would dismiss the case. This permits the plaintiff one last chance to comply before the court would order dismissal.
 Plaintiff chose to respond with evasive or incomplete answers, which is "a failure to answer" under Civ.R. 37(A)(3), and its case was dismissed on August 8, consistent with the warning contained in the trial courts April 10, 1992 order.
 In a recent and similar case, the dismissal of a complaint due to plaintiffs failure to comply with the trial courts discovery order was upheld. Evans v. Smith (1991), 75 Ohio App.3d 160, 598 N.E.2d 1287. In Evans, defendant had unsuccessfully attempted to depose the plaintiff on several occasions and finally moved to dismiss. The trial court denied the motion to dismiss and ordered plaintiff to attend a deposition on April 4, 1990 and to "answer all proper questions or suffer dismissal." Id. at 163, 598 N.E.2d at 1289. Plaintiff attended the deposition, but his answers were palpably evasive; as a consequence, the court granted defendants renewed motion to dismiss. Id.
 The court of appeals in affirming the trial courts decision reviewed Ohio Civ.R. 37(B)(2) and the case law interpreting same, stating:
 ""If any party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others [may] * * * dismiss the action or proceeding or any part thereof * * *.'
 "When a party has failed to abide by the discovery rules, a sanction imposed by the trial court under Civ.R. 37 is within the discretion of the trial court and generally will not be reversed on appeal unless it affirmatively appears from the record that the court abused its discretion and that the sanction was not just. Furcello v. Klammer (1980), 67 Ohio App.2d 156, 158, 21 O.O.3d 454, 456, 426 N.E.2d 187, 189. A trial court does not abuse its discretion by ordering the dismissal of an action pursuant to Civ.R. 37 where the record does not show that the failure to comply with discovery orders was due to inability, such as illness, rather than willfulness, bad faith or any other fault of the noncomplying party. Rauchenstein v. Kroger Co. (1981), 3 Ohio App.3d 178, 3 OBR 204, 444 N.E.2d 445." Id., 75 Ohio App. 3
d at 163, 598 N.E.2d at 1289.
* * *
 As in Evans, plaintiff here was given actual written notice by a journal entry and order that warned its case would be dismissed if it failed to answer the outstanding discovery requests. Notwithstanding the trial courts order, plaintiff violated the order by providing evasive or incomplete answers. Plaintiff did so because, in its opinion, it was not required to "appropriately" respond to the outstanding discovery. A courts orders are not to be taken lightly-simply "going through the motions" will not do. In the face of the courts warning of dismissal, plaintiff was obliged to respond appropriately, i.e.,
in a good faith and honest effort to satisfy the requests. Were it otherwise, sham answers, spurious objections, obstruction and stonewalling would be the order of the day. This court will not tolerate such practices. The drastic remedy of dismissal is warranted where the record indicates the party willfully failed to comply with discovery and acted in bad faith. Furcello v. Klammer (1980), 67 Ohio App.2d 156, 159, 21 O.O.3d 454, 456-457, 426 N.E.2d 187, 180-190; Smith v. Smith (1982), 5 Ohio App.3d 185, 188, 5 OBR 369, 372-373, 450 N.E.2d 736, 739. The trial court gave plaintiff ample opportunity to comply. We find no abuse of discretion on the dismissal.
Id. at 831-833.
In the instant case, plaintiff was specifically ordered by the court in its March 13. 1997 Journal Entry to properly respond to the discovery. Plaintiff was also advised that if the court determined that plaintiff failed to answer all interrogatories in good faith, the court would dismiss his lawsuit with prejudice. Even when faced with the motion to dismiss, plaintiff made no effort to make a meaningful response despite the fact that his discovery shortcomings had been repeatedly spelled out. Plaintiff was given repeated and ample opportunity to respond appropriately to the discovery requests. In fact, plaintiff had nearly ten months between the magistrates March 13, 1997 order and the trial courts January 7, 1998 dismissal of his action in which to respond, but failed to do so. Under Civ.R. 37, the trial court may dismiss an action if any party fails to obey an order to provide or permit discovery. Furthermore, the record reflects that plaintiffs failure to respond was not due to inability, such as illness, but was willful and in bad faith. We cannot say that the trial court abused its discretion in dismissing the complaint with prejudice under these circumstances.
Plaintiffs Assignment of Error I is overruled.
 II. THE COURT COMMITTED PREJUDICIAL ERROR IN DISMISSING PLAINTIFFS COMPLAINT BASED UPON THE MAGISTRATES DECISION WHICH HAD NOT BEEN ADOPTED BY THE COURT AND TO WHICH OBJECTIONS HAD BEEN FILED.
In his second assignment of error, plaintiff asserts that the magistrates decision was never adopted by the trial court and therefore, it could not find that plaintiff failed to comply with the decision. We find no legal merit to this contention and no prejudice to plaintiff.
Civ.R. 53(C)(3)(a) provides that "the magistrate may enter orders without judicial approval in pretrial proceedings under Civ.R. 16, in discovery proceedings under Civ.R. 26 to 37 * * *." A party may appeal the magistrates order to the court by filing a motion to set the order aside within ten days stating his objections with particularity. Civ.R. 53(C)(3)(b). However, a party's failure to object to a matter contained in a magistrates decision is considered a waiver of his or her right to pursue the issue on appeal. See Aurora v. Sea Lakes, Inc. (1995), 105 Ohio App.3d 60,66; Zumock v. Zumock (Sept. 26, 1997), Portage App. No. 96-P-0180, unreported; In re Angela Nicole Davis (Oct. 30, 1996), Summit App. No. 17726, unreported.
In the case sub judice, the magistrate ordered plaintiff to fully and completely comply with all discovery requests and if plaintiff failed to comply, his case would be dismissed. Plaintiff never filed any objections to this order by the magistrate. After plaintiff failed to fully comply, defendants filed a motion to dismiss with the trial court. Following plaintiffs half-hearted responses, the trial court dismissed plaintiffs case with prejudice.
The trial court clearly adopted the magistrates decision by reference thereto in its January 7, 1998 Journal Entry. The trial court expressly stated in its Entry:
 Moreover, in his entry of March 13, 1997, Magistrate Albert Schleicher put Plaintiff on notice that failure to properly answer Defendants interrogatories and provide requested documents would lead to severe sanctions, including dismissal of the action.
Contrary to plaintiffs assertion, the trial court clearly adopted the magistrates decision by dismissing plaintiffs case in accordance with the magistrates recommendation. Plaintiffs failure to object to the magistrates decision bars him from asserting on appeal that the trial court erred in adopting such decision.
We see no prejudice to plaintiff from the course of proceedings below.
Plaintiffs Assignment of Error II is overruled.
 III. PLAINTIFF WAS DENIED DUE PROCESS OF LAW WHEN THE CASE WAS DECIDED BY A JUDGE TO WHOM IT HAD NOT BEEN ASSIGNED.
In his third assignment of error, plaintiff asserts that Judge Timothy P. Gilligan had no authority to decide this case because he was not formally assigned to the case by journal entry. This assertion is without merit.
On September 3, 1997, Judge Mary L. Dunning recused herself from this case. The case then reverted to Judge Timothy Gilligan to whom it was originally assigned. Plaintiff made no objection to Judge Dunnings recusal or Judge Gilligans assignment.
Generally, a litigant who has the opportunity to raise a claim in the trial court but fails to do so, waives the right to raise that claim on appeal. Belvedere Condominium Unit Owners Assn. v.R.E. Roark Cos., Inc. (1993), 67 Ohio St.3d 274, 279; Mark v.Mellott Mffg. Co., Inc. (1995), 106 Ohio App.3d 571, 589. Furthermore, this Court in Berger v. Berger (1981), 3 Ohio App.3d 125, stated:
 [A]ny party objecting to reassignment must raise that objection at the first opportunity to do so. If the party has knowledge of the transfer with sufficient time to object before the new judge takes any action, that party waives any objection to the transfer by failing to raise that issue on the record before the action is taken.
Plaintiffs failure to object to the assignment of Judge Gilligan to this case after Judge Dunnings recusal precludes him from challenging this assignment on appeal.
Plaintiffs Assignment of Error III is overruled.
Judgment affirmed.
 CROSS-APPEAL I. TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN THE TRIAL JUDGE DID NOT RECUSE HERSELF PRIOR TO RULING ON CROSS-APPELLANTS OBJECTIONS TO THE 03/13/97 MAGISTRATES DECISION DUE TO HER PERSONALLY KNOWING CROSS-APPELLEE.
 II. TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DID NOT AWARD REASONABLE EXPENSES TO CROSS-APPELLANTS FOR CROSS-APPELLEES FAILURE TO ANSWER INTERROGATORIES AND FULLY COMPLY WITH CROSS-APPELLANTS DISCOVERY REQUESTS IN ACCORDANCE WITH OHIO RULES OF CIVIL PROCEDURE, RULE 37(D).
 III. TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN THE TRIAL COURT DID NOT RULE ON CROSS-APPELLANTS OBJECTIONS TO THE 03/13/97 MAGISTRATES DECISION AND INSTEAD STATED THAT CROSS-APPELLANTS FAILED TO COMPLY WITH CIVIL RULE 53 THEREFORE DENYING CROSS-APPELLANTS DUE PROCESS OF LAW.
 IV. TRIAL COURT. COMMITTED PREJUDICIAL ERROR WHEN IT DID NOT GRANT SUMMARY JUDGMENT TO DEFENDANTS-CROSS-APPELLANTS DUE TO PLAINTIFF-CROSS-APPELLEES FAILURE TO OFFER EVEN A SCINTILLA OF EVIDENCE BESIDES HIS BALD ASSERTIONS IN HIS COMPLAINT AND HIS SELF-SERVING AFFIDAVIT THAT DEFENDANTS HAD AN ORAL CONTRACT WITH PLAINTIFF OR THAT DEFENDANTS ALLEGED "PROMISE TO PAY BALZ'S ATTORNEYS FEES WAS TO SUB-SERVE THEIR OWN INTERESTS."
 V. TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TO DISQUALIFY PLAINTIFF-CROSS-APPELLEES ATTORNEY DUE TO A CONFLICT OF INTEREST.
Given our disposition of the original appeal herein, we perceive no prejudice to defendants from the errors assigned on their cross-appeal which is moot. App.R. 12(A)(1)(c).
Cross-appeal denied.
It is ordered that appellees/cross-appellants recover of appellant/cross-appellee their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI. J. and
ANNE L. KILBANE. J. CONCUR.
JAMES M. PORTER ADMINISTRATIVE JUDGE