This is an appeal from a judgment of the Huron County Court of Common Pleas, Juvenile Division, which dismissed appellant's motion to modify child support and for the allocation of federal income tax dependency exemptions for the parties' minor children due to appellant's failure to timely comply with appellee's discovery requests. For the reasons that follow, we affirm the judgment of the trial court.
On appeal appellant, Gregory A. D., sets forth the following five assignments of error:
 "1. The court erred when it failed to provide the [appellant] notice that it intended to dismiss his motion because the [appellant] failed to comply with a discovery order.
 "2. The Court erred when it failed to use a less severe sanction for a discovery violation before dismissing the [appellant's] motion.
 "3. The Court erred when it failed to establish child support after awarding custody of the children to the [appellee].
 "4. In the alternative, the Court erred when it ordered child support without attaching a Guideline Computation Worksheet to its Entry.
 "5. The Court erred when it denied the [appellant's] motion for a protective order."
The undisputed facts that are relevant to the issues raised on appeal are as follows. On January 29, 1998, the Huron County Court of Common Pleas, General Division, filed a judgment entry which granted the parties a divorce and divided their marital assets. However, the court further found, after reviewing testimony concerning the allocation of parental rights and responsibilities for the parties' five minor children, that "neither parent was a suitable parent." Accordingly, the court stated that "it was in the best interests of the children to certify the custody issue to the Juvenile Court," which has more resources available in the event that the children could not be placed with either parent.
The common pleas court issued an order designating appellee as the children's residential parent and legal custodian pending the juvenile court's determination of custody. Appellant was ordered to pay appellee child support in the amount of $1,216.66 per month. Attached to the judgment entry was a child support computation worksheet showing that, for purposes of calculating the parties' respective child support obligations, appellee had an annual gross income of $28,057 and appellant had an annual gross income of $50,117. The court did not designate which party could claim the children as tax exemptions for federal income tax purposes.
On February 2, 1998, the juvenile court notified the parties that a pretrial hearing would take place on March 9, 1998. On February 25, 1998, appellee filed a discovery request, in which she asked appellant to produce for her inspection copies of his federal income tax returns and all statements of income for 1995, 1996, 1997 and 1998, as well as copies of the following:
 "[a]ll employment information including, without limitations, wages, salaries, bonuses, stock options, commissions, earnings, pay check stubs, employment contracts, letters or memoranda of terms of employment, pay raises, promotions, payroll deductions, other deductions of any kind, credit union accounts, pension plan, pension fund, retirement plan, retirement fund, annuity and other benefits or deductions of any kind which are, were previously, or which may be in the future, paid available, accepted, rejected, credited, offered, withheld for any purpose by an individual, agency, department, company, or otherwise, or to which you are, were, or may become entitled in the future at any time from January 1995 to present."
Following the pretrial conference, the juvenile court appointed a guardian ad litem for the children. A final hearing on the issue of custody was continued to April 29, 1998.
On April 21, 1998, appellant filed a motion in which he asked the juvenile court "to determine the child support to be ordered herein and to allocate the tax exemptions for tax years 1997 and thereafter." In his motion, appellant essentially asked the juvenile court to modify the child support order already in effect and reduce the amount of child support he was ordered to pay. In support thereof, appellant argued that his "projected 1998 income" of $34,819 would be significantly less than his previous income of more than $50,000 per year, thereby justifying a reduction of his child support obligation. On April 23, 1998, appellee filed a motion in which she stated that appellant had failed to respond to her discovery request and asked the court to require appellant to "produce" the requested records. Appellee asked the court to continue appellant's motion to modify child support pending his compliance with her discovery requests. Appellee further asked the court to dismiss appellant's motion "insofar as it pertains to modification of past child support and past award of dependency exemptions" for the children in tax year 1997.
On April 29, 1998, the guardian ad litem filed a written report in the juvenile court in which she recommended that it would be in the children's best interest to remain in appellee's custody. That same day, a hearing was held on the issue of custody, as well as all other motions pending before the court.
On May 1, 1998, the juvenile court filed a judgment entry in which it permanently designated appellee as the children's residential parent and legal custodian. Appellant and his mother were granted visitation with the children.
Appellant's motion to modify child support and allocate the tax exemptions and appellee's request to compel discovery and to dismiss appellant's motion to modify child support were continued for a full evidentiary hearing on August 11, 1998.
On August 11, 1998, before the hearing began, appellee filed a motion in which she stated that, as of that date, appellant had not responded to her repeated requests for discovery. Appellee asked the court to "compel" appellant to produce records concerning his income. Appellee further stated that appellant "failed to verify, through employer statements or other reliable documentation what part of his incomes for the three crucial years [1995 through 1997] was from his regular hourly earnings and what part was from overtime and bonuses." In addition, appellee asked the court for a continuance because appellant had "inundated [her] with a great deal of tax and other information" less than seven days before the hearing was to take place. At the hearing, appellant told the court that he was unable to produce the documents requested by appellee because they were not in his possession. He stated that appellee should subpoena the requested records from his employer.
On August 17, 1998, the juvenile court filed a judgment entry in which it granted appellee's motion to compel discovery. The court continued the issues of appellant's motion to modify child support and allocate tax exemptions and appellee's motion to dismiss pending a further evidentiary hearing on October 1, 1998.
On September 2, 1998, appellee filed a notice of deposition, which was to take place on September 9, 1998. However, on September 8, 1998, appellant filed a motion for a "protective order" pursuant to Civ.R. 26(C), in which he stated that he was "unavailable" and would not appear for the deposition on the next day. Appellant further stated that he had given his "regular pay and overtime pay records" for 1995 through 1998 to appellee's counsel on September 3, 1998. Accordingly, appellant asked the court to "quash" the notice of deposition for September 9, 1998, and to proceed to the scheduled hearing on October 1, 1998.
On September 9, 1998, appellee filed a motion in which she asked the court to compel appellant to submit to a deposition because he had failed to appear for the scheduled deposition. On that same day, the trial court denied appellant's motion for a protective order. On September 17, 1998, appellee filed a notice of deposition rescheduling appellant's deposition for September 25, 1998.
On September 30, 1998, appellee filed a motion to dismiss appellant's motion to modify child support and allocate the tax exemptions. In support thereof, appellant stated that appellant failed to appear for the rescheduled deposition. That same day, appellant filed a memorandum in opposition to appellee's motion to dismiss, in which he stated that he could not appear for a deposition on such short notice, and that "the sanction of denying his motion is too harsh." Appellant asked the court for a continuance "until such time as [appellee] has had opportunity to depose [him]."
On October 1, 1998, a hearing was held at which testimony was presented by appellant, his attorney, John Allton, Allton's secretary, Gina A. Staley, and Allton's law partner, Curtis J. Koch. Appellant testified at the hearing that he did not receive notice of the September 9, 1998 deposition and that, in any event, he could not have attended that deposition because he was in Alaska from September 3 to September 13, 1998. Appellant further testified that he received a message from his mother on September 24, 1998, notifying him of the rescheduled deposition on September 25, 1998. He stated that he could not attend the rescheduled deposition because his employer, his father, would not allow him to miss work on such short notice. Appellant further stated that he "didn't see" a letter notifying him of the September 25, 1998 deposition; however, he stated: "I'm not saying it didn't get sent out. I'm just saying I didn't, I didn't open it."
Staley testified that she told appellee's attorney that appellant was unavailable for the September 9 deposition one week before it was to occur. Staley further testified that she sent appellant a copy of the notice for the rescheduled deposition.
Allton testified that when he learned that appellant would be unavailable for the September 9 deposition, he told Koch to call appellee's attorney to reschedule. Allton further testified that the deposition was rescheduled for September 25 without appellant's knowledge. Allton stated that he did not find out until the morning of September 25, 1998 that appellant would not be present for the rescheduled deposition.
Koch testified that he attempted to personally notify appellant of the rescheduled deposition at Allton's request; however, he was unsuccessful. Koch testified on cross-examination that he told Staley to notify appellant of the rescheduled deposition, and that he did not know whether or not Staley sent appellant a letter. He stated that a copy of the notice of deposition for September 25, 1998 was sent to appellant's home address on September 17, 1998.
At the close of all the testimony, the trial court granted appellee's request to dismiss appellant's motions to modify child support and to allocate tax exemptions for the parties' children. On October 14, 1998, appellant filed a motion in which he essentially asked the juvenile court to reconsider its dismissal of his motion, which the trial court denied on October 21, 1998. On October 30, 1998, a timely notice of appeal was filed.
Appellant asserts in his first assignment of error that the trial court erred by dismissing his motion to modify child support and allocate the federal income tax exemptions for the parties' minor children. In support thereof, appellant argues that his motion should not have been dismissed because the court did not notify him of the impending dismissal pursuant to Civ.R. 41(B)(1).
Civ.R. 37(B)(2) provides that if a party fails to obey an order to provide or permit discovery, the court "may make such orders in regard to the failure as are just," including "[a]n order * * * dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Civ.R. 37(B)(2)(c). Civ.R. 41(B)(1), which governs involuntary dismissals, states:
 "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
"`[T]he notice requirement of Civ.R. 41(B)(1) applies to all dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for failure to comply with discovery orders.'"Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 48, citing Ohio Furniture Co. v. Mindala (1986), 22 Ohio St.3d 99,101. The purpose of providing such notice is to give "`the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.'" Id., citing Logsdon v. Nichols (1995), 72 Ohio St.3d 124,128. A party has notice of an impending dismissal with prejudice for failure to comply with a discovery order if the party knows that "dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Quonset Hut,supra, at 49.
In this case, it is undisputed that, for whatever reason, appellant did not comply with the court's discovery orders. As stated above, appellant was well aware that appellee had filed a motion to dismiss appellant's motion to modify child support and to allocate tax exemptions for the children. Appellant and his attorneys all testified at the hearing on October 1, 1998 as to the reasons for appellant's failure to attend scheduled depositions and to provide the documentation requested by appellee. In addition, appellant made numerous filings in the trial court in which he attempted to justify and/or explain his non-compliance with the court's discovery orders.
This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and the law finds that, for purposes of Civ.R. 41(B)(1), appellant received proper notice of the possibility that his motion could be dismissed pursuant to Civ.R. 37(B)(2)(c) and had ample opportunity to explain to the court his failure to comply with discovery. Accordingly, appellant's first assignment of error is not well-taken.
Appellant asserts in his second assignment of error that the trial court abused its discretion by not imposing a less severe sanction pursuant to Civ.R. 37 for his failure to comply with discovery orders.
A trial court's imposition of the sanction of dismissal will not be disturbed on appeal absent a finding of abuse of discretion. Loynd v. Scott Molders, Inc. (1990), 62 Ohio App.3d 888,891, citing Toney v. Berkemer (1983), 6 Ohio St.3d 455, 458. Generally, the policy of courts in Ohio is to impose the least severe sanction or a sanction less severe than dismissal unless the conduct of a party is so negligent and irresponsible as to outweigh the policy that the disposition of litigation should be upon its merits. Evans v. Smith (1991), 75 Ohio App.3d 160, 163, citing Willis v. RCA Corp. (1983), 12 Ohio App.3d 1. However, in a case where a trial court dismisses an action pursuant to Civ.R. 37, that court does not abuse its discretion where the record demonstrates that the failure to comply is not due to inability, such as illness, rather than willfulness, bad faith or other fault of the noncomplying party. Evans, supra, citing Rauchenstein v.Kroger Co. (1981), 3 Ohio App.3d 178; Shoreway Circle, Inc. v.Gerald Skoch Co., L.P.A. (1994), 92 Ohio App.3d 823, 832.
Upon consideration of the entire record of proceedings, this court cannot find that the trial court abused its discretion by dismissing appellant's motion. Accordingly, appellant's second assignment of error is not well-taken.
Appellant asserts in his third assignment of error that the trial court erred by not re-calculating his child support obligation after the court awarded permanent custody of the parties' five children to appellee. Appellant further asserts that the trial court erred by not specifically allocating the tax exemptions for the parties' minor children.
Generally, trial courts have discretion to fashion child support awards that are just, appropriate, and in the best interests of the children involved. R.C. 3113.21.5. The trial court's determination of a child support obligation will not be overturned on appeal absent a finding that the court abused its discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
In this case, the Huron County Court of Common Pleas, General Division, designated appellee as the residential parent and legal custodian of the parties' five children in its judgment entry, pending a final determination of custody by the juvenile division. The court then computed the amount of child support owed by appellant based on income figures supplied by both parties. After ordering all child support payments to be made by wage withholding through appellant's employer, the court stated that its orders regarding child support "are final and are enforceable by the Court."
In its May 1, 1998 judgment entry, the juvenile court found that it was in the best interest of the parties' children to remain in the custody of appellee. On October 2, 1998, the juvenile court dismissed appellant's motion to modify the original child support order, a decision which the court refused to reconsider. Accordingly, custody of the children remained with appellee and appellant continued to be obligated to pay child support to appellee at the amount previously ordered by the court.
As to whether the court erred by refusing to specifically allocate the tax exemptions between the parties, the record reflects that neither the general division nor the juvenile division allocated the tax exemptions for the parties' five children to appellant. Accordingly, this court must presume that the lower courts resolved the issue of the exemptions by allocating them to appellee. See Hughes v. Hughes (1988),35 Ohio St.3d 165.
Upon consideration of the foregoing and our determination as to appellant's first two assignments of error, this court finds that the juvenile court did not abuse its discretion by relying on the child support obligation calculated by the general division or by refusing to allocate the tax exemptions for the children to appellant. Appellant's third assignment of error is not well-taken.
In his fourth assignment of error, appellant asserts that the trial court erred by not attaching a copy of the child support worksheet to its May 1, 1998 judgment entry.
Generally, the trial court must calculate a party's child support obligation in accordance with the basic child support schedule and the appropriate worksheet set forth in R.C. 3113.21.5. Marker v. Grimm (1992), 65 Ohio St.3d 139, 142. Although the completed worksheet must be made a part of the trial court's record, the court is not required to physically attach a copy of the worksheet to its judgment entry. Id. In this case, a copy of the worksheet was attached to the general division's judgment entry of divorce and is therefore a part of the trial court's record. Accordingly, appellant's fourth assignment of error is not well-taken.
Appellant asserts in his fifth assignment of error that the trial court erred by denying his request for a protective order.
Pursuant to Civ.R. 26(C), for good cause shown, a trial court "may make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense * * *." The court's grant or denial of a protective order will not be reversed on appeal absent a finding of abuse of discretion. Ruwe v. Bd. of Springfield Twp. Trustees
(1987), 29 Ohio St.3d 59, 61.
The record reflects that appellant did not file his motion for a protective order until September 8, 1998, the day before the first deposition was to take place. In support of his motion, appellant argued that appellee's notice of deposition for September 9, 1998 should be "quashed" because appellant could not be present for the deposition and because it was "not necessary." However, appellant further asserted in his motion that his counsel previously told appellee's counsel that appellant would be available for a deposition "after September 15 and then only after 6:00 p.m."
Upon consideration, this court cannot find that the trial court abused its discretion when it denied appellant's request for a protective order. Appellant's fifth assignment of error is not well-taken.
The judgment of the Huron County Court of Common Pleas, Juvenile Division, is hereby affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ James R. Sherck, J.
 _______________________________ Richard W. Knepper, J.
 _______________________________ Mark L. Pietrykowski, J.
CONCUR.