[Cite as *Five Star Fin. Corp. v. Merchants Bank & Trust Co.*, 2013-Ohio-3097.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| FIVE STAR FINANCIAL CORPORATION, | : | APPEAL NO. C-120814 |
| | | TRIAL NO. A-0800266 |
| and | : | A-0911042 |
| | : | |
| STEVEN A. WINTER, | | *O P I N I O N.* |
| | : | |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| MERCHANTS BANK AND TRUST CO., | : | |
| DON PATTERSON, | : | |
| PAUL SILVA, | : | |
| and | : | |
| MARK SAMS, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 17, 2013

*Eric C. Deters & Partners, P.S.C.*, and *Eric C. Deters* for Plaintiffs-Appellants,

*Ulmer & Bern, LLP*, *John M. Hands* and *Pamela Ginsburg* for Defendants-Appellees.

Please note: this case has been removed from the accelerated calendar.

**HILDEBRANDT**, **Judge.**

{¶1}   In one assignment of error, Five Star Financial Corporation and Steven Winter (collectively "FSFC") appeal from the trial court's dismissal of their complaint pursuant to Civ.R. 41(B)(1) for failing to abide by a court order directing them to supply Merchants Bank and Trust Co., Don Patterson, Paul Silva, and Mark Sams (collectively referred to as "Merchants") with certain financial documents.   We affirm.

### FSFC and the Separate Entity "Five Star"

{¶2}   FSFC was in the business of making residential and commercial real estate loans funded in part through loans from other institutions.   One of these institutions, Merchants, had extended to FSFC a two million dollar line of credit.   FSFC defaulted.   After Merchants obtained a judgment against FSFC, FSFC sued Merchants in connection with this loan for fraud in the inducement, negligence, intentional infliction of emotional distress, and intentional interference with business relations. The basis for some of these claims was that Merchants had wrongfully interfered with FSFC's ability to secure commercial real estate loans.   FSFC claimed damages exceeding five million dollars.

{¶3}   Steven Winter was deposed in connection with this lawsuit.   In pertinent part, he testified that his wife, Sarah Winter, had formed a company called 5 Star Commercial Capital ("5 Star") in 2007.   He also testified that 5 Star was in the business of making commercial loans and that it had made approximately 20 commercial loans a year since 2008.   Winter later admitted that he, and not his wife, managed 5 Star and that he was 5 Star's president.

2

{¶4} Because it appeared to Merchants that FSFC's damage claim may have been artificially inflated if FSFC had diverted its commercial loan business to 5 Star, in December 2011 Merchants began attempts to secure 5 Star's financial records.

## Merchants' Failed Attempts to Secure Financial Records

{¶5} In December 2011, Merchants served 5 Star's statutory agent, Leo Grote, with a subpoena duces tecum requesting 5 Star's state and federal tax returns, its financial statements, its operating agreement and its articles of organization. Grote responded that he never had the tax returns for 5 Star and that the balance of the requested documents were in FSFC's possession. Merchants then reissued the subpoena duces tecum to Sarah Winter, 5 Star's alleged founder. On January 6, 2012, FSFC's attorney accepted service of the subpoena on behalf of Sarah. A month later, FSFC's counsel reported that Sarah Winter did not have these documents, that the documents had been produced at one of the Winters's judgment debtor exams and that they were in the possession of an attorney named Bryce Lenox. Merchants contacted Lenox. Lenox told Merchants that the only 5 Star documents he had were some bank statements, but that he only had statements through December 2008. FSFC's counsel then claimed that the documents were most likely in the possession of the Winters's accountant, Neal Schear. Merchants obtained a CD of Schear's documents. After searching through approximately 8,000 pages of documentation, Merchants discovered that the CD contained nothing responsive to its subpoena. And FSFC's counsel ignored a request to sign a release so that Merchants could directly obtain 5 Star's tax returns from the IRS.

## The Motion to Compel and Subsequent Hearings

{¶6}    On July 9, 2012, six months after serving the subpoena duces tecum on Sarah Winters regarding 5 Star's business records, Merchants filed a motion with the trial court to compel compliance with the subpoena.  One week before the hearing on Merchants' motion, FSFC claimed for the first time that no tax returns had ever been prepared for 5 Star.  Following an August 1, 2012 hearing on Merchants' motion to compel, the trial court ordered FSFC to produce the documents requested in the subpoena or face dismissal.  On August 2, FSFC provided financial documents that it had previously given to Merchants pertaining to FSFC, but had revised the documents overnight to add 5 Star's name to them.  At the August 2, 2012 hearing, Merchants then made a new request of FSFC.  Merchants wanted FSFC to produce the underlying loan transaction materials and banking statements that would support the newly combined financial documents.  At the hearing, the trial court told FSFC's attorney to give Merchants' attorney "whatever he needs" in regard to 5 Star's financial records and warned FSFC that if they did not provide these documents to Merchants, the case would be dismissed.

{¶7}    FSFC never provided Merchants with the documents underlying the newly combined financial records of FSFC and 5 Star. Following a hearing on October 18, the trial court dismissed the case with prejudice.  This appeal followed.

## Argument

{¶8}    In their sole assignment of error, FSFC contends that the trial court abused its discretion when it dismissed their case because (1) the trial court did not give FSFC notice of its intent to dismiss the case (2) FSFC had attempted in good faith to comply with the court's order concerning the requested documents and these

documents simply didn't exist, and (3) the subpoena issued to Sarah Winter was unenforceable and could not form the basis for a dismissal. None of these arguments have merit.

### Heightened Standard of Review

{¶9} In pertinent part, Civ.R. 41(B)(1) provides that where a "plaintiff fails to * * * comply with * * * any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." The decision to dismiss a case under Civ.R. 41(B)(1) is within the discretion of the trial court. *Quonset Hut Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47, 684 N.E.2d 319 (1997).

{¶10} While our review of the trial court's judgment is deferential, a heighten abuse-of-discretion standard of review applies to a trial court's decision to dismiss a case with prejudice for the failure to comply with a court's order. *Jones v. Hartranft*, 78 Ohio St.3d 368, 372, 678 N.E.2d 530 (1997). We must determine whether the trial court carefully and cautiously exercised its discretion before we will uphold the dismissal of a case with prejudice on purely procedural grounds. *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 192, 431 N.E.2d 644 (1982). The trial court's judgment will be affirmed where the conduct of the plaintiff was "so negligent, irresponsible, contumacious or dilatory as to outweigh the policy that disposition of litigation should be upon its merits." *Evans v. Smith*, 75 Ohio App.3d 160, 163, 598 N.E.2d 1287 (1st Dist.1991); *see Toney v. Berkemer*, 6 Ohio St.3d 455, 458, 453 N.E.2d 700 (1983). A trial court may look to the entire history of the case when making such a ruling. *Russo v. Goodyear Tire & Rubber Co.*, 36 Ohio App.3d 175, 178, 521 N.E.2d 1116 (9th Dist.1987).

## The Dismissal was a Proper Exercise of the Court's Discretion

{¶11} Here, we find that the trial court did not abuse its discretion in dismissing FSFC's complaint with prejudice. First, despite FSFC's assertions to the contrary, the trial court informed FSFC on August 2, 2012, that it would dismiss their case if FSFC did not comply with the trial court's order directing them to provide Merchants with financial documentation pertaining to 5 Star. And FSFC was given ten weeks after this warning to comply. Second, it is evident from the record that FSFC acted in an irresponsible and dilatory manner. If the documents that FSFC now claim never existed do not exist, then FSFC should have alerted Merchants to this fact at the earliest possible time. Instead, Merchants diligently pursued each lead provided by FSFC without success. And it appears that Steven Winter either lied under oath about 5 Star's business activities or that Winter lied about having no documentation to support the 20 commercial loans a year that he claimed 5 Star had transacted.

{¶12} Before ruling, the trial court also properly considered other matters. Aside from Merchants' struggles to obtain 5 Star's financial information, FSFC had mislead Merchants concerning the existence of medical providers who had allegedly treated Winter for conditions related to Winter's intentional infliction of emotional distress claim. In response to a discovery request for the names of doctors who had treated Winter for emotional issues, FSFC provided Merchants with the names of doctors who had performed Winters's routine skin cancer screenings and of a provider who had treated Winter for gout and for a toenail injury.

{¶13} FSFC's repeated "hide-the-ball" tactics concerning 5 Star's financial records combined with FSFC's other misrepresentations in the discovery process warranted the trial court's decision to dismiss FSFC's case with prejudice.

### Sarah Winter's Subpoena is Irrelevant

{¶14} FSFC claims that the trial court's judgment must be reversed because Sarah Winter's subpoena lacked language required by Civ.R. 45(A) and was therefore unenforceable. *See Cincinnati Bar Assn. v. Adjustment Serv. Corp.*, 89 Ohio St.3d 385, 732 N.E.2d 362 (2000). Since the subpoena was unenforceable, FSFC argues, a failure to comply with the subpoena could not form the basis for the trial court's dismissal. But the court's dismissal was not based on FSFC's failure to comply with the subpoena issued to Sarah Winter. Instead, the dismissal was premised on FSFC's failure to comply with the court's August 2, 2012 order to provide Merchants with the underlying documentation that supported FSFC's newly created combined financial records of FSFC and 5 Star. This argument, therefore, has no merit.

### Conclusion

{¶15} In sum, we hold that the trial court properly exercised its discretion when it dismissed FSFC's case with prejudice under Civ.R. 41(B)(1) for FSFC's failure to comply with a court order. The assignment of error is overruled. The trial court's judgment is affirmed.

Judgment affirmed.

**HENDON, P.J.,** and **FISCHER, J.,** concur.

Please note:
   The court has recorded its own entry on the date of the release of this opinion.